OPINION OF THE COURT
Sheldon S. Levy, J.
When, in the course of a robbery, a person has an unseen object — which is believed to be a gun — pressed against the body, has the perpetrator “[d]isplay[ed] what appears to be a * * * firearm” within the meaning of the robbery statutes (Penal Law, § 160.15, subd 4; § 160.10, subd 2, par [b])? Although such a fact pattern seems far from unique, the issue is one of first impression in this State.
The defendant Horace Jenkins was accused in a one-count indictment of robbery in the first degree. The charge is that, on February 27, 1982, in front of a boutique on West 34th Street, Manhattan, opposite Macy’s Department Store, the defendant forcibly stole a wallet and money from one Claudette Brown and that, while committing the crime, he displayed what appeared to be a pistol (Penal Law, § 160.15, subd 4).
The alleged facts of the case, pertinent to the present discussion, are simply and briefly stated. While the female *531 complaining witness was gazing into a store window, she felt a hard object, with about a one-half inch diameter, being pushed forcibly into her right side. Admittedly, she never saw the object. At the same time, the perpetrator claimedly exclaimed, “Don’t turn around. Act like you’re browsing. If you turn around, I’ll shoot!” Thereafter, he removed Mrs. Brown’s wallet from her shopping bag and walked away. Mrs. Brown followed the perpetrator, but ultimately lost him. Four days later, however, at the same location, the complainant noticed the defendant; summoned police; identified the defendant thereafter as her assailant; and occasioned defendant’s arrest.
At the conclusion of the People’s proof, defendant moved for a trial order of dismissal or, alternatively, to have the court dismiss the count of robbery in the first degree and substitute a charge of robbery in the third degree. The defense argued that nothing was displayed at all and that no pistol could have been displayed, within the intendment of the statute, by one who merely pushed against the victim something which could not be seen by her. Contrariwise, the People maintained that the particular facts of the case, especially the words allegedly spoken by the defendant, were encompassed by the charge.
The element of the crime of robbery here involved is that, in the course of the commission of the crime or of immediate flight therefrom, the defendant displayed what appeared to be a firearm. The prima facie test for this element are: did the defendant display something and, if so, what did it appear to the complainant to be? Accordingly, the principal focus of the instant inquiry must be the legislative intent in the use of the word “displays”. No definition is provided by the statutes.
Strict construction of the New York Penal Law has not been a viable alternative for many years. In conflict with popular opinion, the classic command of the common law for rigid interpretation of criminal statutes has not been the law of this State for, at least, a century! (See Penal Law [1965], § 5.00; former Penal Law [1909], § 21; former Penal Law [1881], § 11.) On the contrary, it has long been mandated merely that Penal Law provisions “be construed according to the fair import of their terms to promote *532 justice and effect the objects of the law” (Penal Law, § 5.00). That well-established rule — whether observed or not — has always demanded a statutory construction which was designed to foster justice for the victims of crime, as well as the perpetrators, and to advance the warranted objectives of the law for the benefit of all citizens.
There is no indication that the Legislature intended the operational delineation of the word “display” to be confined to a solitary meaning. Instead, it would appear that the clear intendment was to afford the term its normal, rational, all-inclusive, dictionary equivalent.
In point of fact, such a definition encompasses a display not only to the sight, but also the mind by way of any of the senses. Every dictionary of substance describes the word “display” not solely as to show or to exhibit to the eye, but, in addition, to unfold, reveal or make apparent to the mind, or as a demonstration or manifestation to any one or more of the senses. One long-recognized and respected semantic authority specifically includes as a prime definition, “to spread before the view: exhibit to the sight or mind: give evidence of: show, manifest, disclose” (Webster, Third New Int Dictionary [1964], p 654).
Accordingly, to display what appears to be a firearm — particularly as it relates to the alleged acts of the defendant herein — can be defined simply (and also for purposes of augmenting the normal jury instructions on the subject element) as follows: a display can be to the eye or to the mind. To display an object means not only a visual display, but also one that can be felt. Moreover, a firearm need not actually have been seen by the witness so long as the actions of the defendant made it appear to the witness that the defendant had a firearm.
“Thus, conduct that falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal” (People v Ditta, 52 NY2d 657, 660). To define the term in any narrower fashion would elevate stilted form over practical substance and inflated technicality over basic reality.
Should the equivalent robbery of a blind person always be relegated to the least degree of that crime (robbery in *533 the third degree) merely because the victim cannot actually see and identify the apparent firearm being employed?
Should muggers with guns be similarly rewarded because their modus operandi is usually a sneak attack from behind?
And, if apprehended and convicted, should those who prey upon their victims in the darkest recesses of streets and alleyways — so that if a firearm is used it cannot be seen but only felt against the body — be afforded an additional advantage in terms of maximum allowable punishment?
So too, in the present situation, should the crime be reduced two degrees because the object allegedly used in the robbery was only felt and not seen? Is there any real reduction in the fear and apprehension of the victim who believes such an object to be a gun, merely because it is not visualized?
The obvious negative answers to these questions confirm the palpable legislative intent in the enactment of the subject statutes and anticipate the required statutory construction.
Inducing in the mind of a robbery victim — through any one or more of the five senses (and some outlandish examples could be perceived, especially as they might relate to smell and taste) — the belief that the perpetrator has an available firearm ready to be used constitutes a sufficient display of a firearm within the fair intendment of the statute and an aggravating circumstance justifying a conviction for the crime of robbery in its highest degree (unless the defendant affirmatively proves [Penal Law, § 160.15, subd 4] that the firearm used was not a “deadly weapon” [Penal Law, § 10.00, subd 12]). Thus, in this case, according to the complaining witness, the perpetrator did, in fact, display something to her by pressing a hard object, about a half inch in diameter, against her body, and he plainly engaged in such conduct with the intent that the victim treat the object as a firearm — whether it was or was not. The sense of touch was vividly brought into play to effectuate the desired display.
In addition, the perpetrator here left little to the victim’s imagination as to what the unsighted, but felt, supposed *534 weapon might be, since he unequivocally stated, “If you turn around, I’ll shoot!” This is not to imply, however, that the necessary display to the mind could normally be effectuated by the perpetrator’s mere use of words without some other affirmative action appealing simultaneously to one or another of the victim’s actual senses. In this regard, the adage “actions speak louder than words” is particularly apt. Nevertheless, although words alone will not suffice as prima facie proof of an aural display within the meaning of the statute, they can surely serve to support a complainant’s assertion as to the kind of weapon that the robber was thought to have had at the time of the crime.
On the other hand, a devious robbery could readily employ a victim’s sense of hearing to display an unseen firearm by pulling a trigger in a variation on an asserted game of Russian roulette; by noisily cocking the hammer of a revolver; or by disengaging a safety lock to convey to an otherwise unmolested subject the firm impression that the assailant was indeed in possession of a gun and “meant business”.
Furthermore, the Legislature’s use of the phrase “appears to be a * * * firearm” (emphasis added) demonstrates a concern for the victim’s own perceptions and mandates a subjective standard. Where a robber faces a person and holds his hand in his pocket so as to give the impression that he is holding a gun, he has displayed what appears to be a firearm (People v Knowles, 79 AD2d 116). If the victim actually believes that it is a gun that has been displayed in the robber’s pocket, then that defendant would be subject initially to a charge of robbery in the first degree. Only where a viable affirmative defense is interposed by plea or by proof at trial, will a defendant be subject merely to a conviction for the lesser included offense of robbery in the second degree (Penal Law, § 160.15, subd 4; § 160.10, subd 2, par [b]; People v Knowles, supra), because the victim, although frightened, was not really in danger of being shot.
To gain this advantage at trial, however, a defendant must demonstrate affirmatively, by a fair preponderance of the credible evidence, that the apparent firearm displayed “was not a loaded weapon from which a shot, readily *535 capable of producing death or other serious physical injury, could be discharged” (Penal Law, § 160.15, subd 4). Correspondingly, a defendant may introduce evidence to show that the object displayed was an unloaded gun (People v Santucci, 48 AD2d 909); a toy gun (People v Waddell, 66 AD2d 807); a concealed hand (People v Knowles, supra); or even a toothbrush (People v Lockwood, 52 NY2d 790). Nevertheless, as stated, the necessary proof in this regard is solely the defendant’s obligation.
Accordingly, and as a matter of common sense, common usage and the common dictates of statutory construction mandated by the Penal Law, the word “displays” must also encompass a nonvisual manifestation. Obviously, since any such display is as effective, for a robber’s purposes, as a visual display, it is prudent and necessary to hold such display effective for statutory purposes as well. A person who is made to feel the apparent presence of a firearm by any of the senses is equally as terrified as the person who merely sees a concealed object pointing at him and believes it to be a gun. And both are just as frightened as the person who is actually confronted with a visibly displayed firearm. A robber who employs the sense of touch in displaying what to the victim appears to be a firearm is equally as guilty as one who uses the sense of sight. In each instance, the robber induces the victim to believe he is armed with a loaded weapon and, in so doing, raises his culpable conduct to that of robbery in the first degree.
Therefore, by shunning a narrow and unduly restrictive definition of the word “displays”, and by adopting a broad, but fair and practical, meaning, which comports with common understanding, the conclusion is impelled that the perpetrator here did, indeed, display something — namely, a hard, half-inch wide object in the victim’s side — and that, to this victim, such a display appeared to be of a pistol.
Whether sufficient credence will be given to such evidence to warrant a conviction for robbery in the first degree is a question for ultimate jury determination. It is beyond cavil, however, that, at the least, a prima facie case for such a charge has been spelled out by the People’s proof.
*536 It is also to be noted, of course, that, even if this court agreed with the defendant’s view of the law, a trial order of dismissal with respect to the single count of the indictment for robbery in the first degree would be inappropriate since, most assuredly, on the evidence presented, a lesser included offense is cognizable (see CPL 290.10, subd 1).
Parenthetically, it should be stated that the instant decision would apply equally to those charges of burglary brought under precisely the same statutory language (see Penal Law, § 140.25, subd 1, par [d]; § 140.30, subd 4).
For all of the reasons stated, the defendant’s motion is, in all respects, denied.