OPINION OF THE COURT
Robert M. Raciti, J.
The People allege that on April 22, 1998, an undercover po *539 lice officer attempted to engage defendant in a “drug related conversation.” In response to that overture, defendant stated to the undercover officer, ‘You following me? I’ll smoke you, bitch.” At the same time defendant made this statement to the undercover officer, defendant allegedly “reached in his waistband area and grabbed some object which your informant believed to be a pistol or revolver.”
Defendant now moves to dismiss the information on the basis that it is not facially sufficient to make out the charged crimes of menacing in the second degree (Penal Law § 120.14 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [3]). In particular, defendant claims that “there are not facts set forth to support a "finding that this defendant displayed a weapon of any kind.” In response, the People contend that defendant’s actions were sufficient to “displayf ] * * * what appears to be a weapon,” and cite in support of that position People v Lopez (73 NY2d 214 [1989]) and People v Baskerville (60 NY2d 374 [1983]), cases involving robbery convictions.
Penal Law § 120.14 defines the elements of menacing in the second degree. Subdivision (1), under which defendant here was charged, requires: “He or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to he a pistol, revolver, rifle, shotgun, machine gun or other firearm” (emphasis supplied). The phrase “display[s] * * * what appears to be a * * * firearm” is a familiar one, since it is present in an analogous context in Penal Law § 160.15 (4), which defines the crime of robbery in the first degree, as well as in Penal Law § 160.10 (2) (b) (robbery in the second degree) and § 140.30 (4) (burglary in the first degree). Not surprisingly, the phrase has been the subject of appellate analysis. In People v Baskerville (60 NY2d 374 [1983], supra), the Court of Appeals determined:
“Bearing in mind that provisions of the Penal Law are to be ‘construed according to the fair import of their terms to promote justice and effect the objects of the law’ (Penal Law, § 5.00) and the Legislature’s purpose in increasing the penalty for displaying what appears to be a firearm, we conclude that display of anything that appears to be such, though held inside a coat or otherwise obscured, is covered by sections 160.10 and 160.15.
“This does not mean that the test is primarily subjective. The defendant must consciously display” something that could *540 reasonably be perceived, as a firearm with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking (Penal Law, § 160.00; see People v Chessman, 75 AD2d 187, 193-194, app dsmd 54 NY2d 1016). Furthermore, the display must actually be witnessed in some manner by the victim, i.e., it must appear to the victim by sight, touch or sound that he is threatened by a firearm (see People v Jenkins, 118 Misc 2d 530). When both of these requirements are satisfied, however, the true nature of the object displayed is, as concerns criminality, irrelevant.”
Here, defendant stated that he was going to “smoke” the undercover police officer at the same time that he reached into his waistband. A not uncommon colloquialism, when one threatens to “smoke” another he is threatening to shoot that person. That statement, conjoined with defendant’s simultaneous action of reaching into his waistband, an area traditionally associated with a secreted handgun (see, Matter of Antonio A., 249 AD2d 202), makes out the crime of second degree menacing. It follows that the counts charging the lesser-included offense of menacing, and harassment, are also supported by the factual assertions in the information.