531 S.E.2d 541

**The STATE, Respondent,**

v.

**Angelo MULDROW, Appellant.**

**No. 3163.**

Court of Appeals of South Carolina.

Heard April 12, 2000.

Decided May 22, 2000.

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Katherine Carruth Link, both of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for respondent.

GOOLSBY, Judge:

Angelo Muldrow appeals his conviction for armed robbery. He argues the court erred in denying his directed verdict motion because the evidence failed to show that he was "armed" while allegedly committing a robbery. We affirm.

## FACTS

On January 4, 1997, a man walked into the Carolina Shell Station in Kingstree and asked the store clerk for a pack of cigarettes. When the clerk retrieved the cigarettes, the man "flashed a note" at her that read "give me all your cash or I'll shoot you." The clerk asked the man if he was serious, and he said "yes," that he was not "B.S.ing," and to "hurry up and give [him] the money before he shot [her]." The clerk opened the cash register and gave him the money. As the man was leaving the store, he told her that if she called the police, he "was coming back for [her]." At no time during the robbery

did the man display a weapon. Muldrow was subsequently arrested and indicted for armed robbery.

Following the prosecution's case at trial, Muldrow moved for a directed verdict. The trial judge denied the motion. A jury convicted Muldrow of armed robbery, and the judge sentenced him to thirty years imprisonment.

## LAW/ANALYSIS

When reviewing the denial of a directed verdict motion in a criminal case, we must view the evidence in the light most favorable to the State.[1] In doing so, we are concerned with the existence of the evidence and not its weight.[2]

Muldrow argues the trial judge erred in denying his directed verdict motion because the State's evidence failed to show either that he was armed with a deadly weapon or that he used a representation of a deadly weapon or any object that a person during the commission of the robbery reasonably believed to be a deadly weapon. We disagree.

South Carolina Code Section 16–11–330(A) states a person is guilty of armed robbery if he or she commits robbery "while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon...."[3]

Muldrow argues the State only proved that he alleged he was armed, not that he did so *while using* a representation of a deadly weapon.[4] We disagree.

Muldrow's interpretation of the statute is unduly narrow. He would require the phrase "representation of a

---

1. *State v. Thompson*, 279 S.C. 405, 308 S.E.2d 364 (1983).

2. *State v. Huggins*, 325 S.C. 103, 481 S.E.2d 114 (1997); *State v. Scott*, 330 S.C. 125, 497 S.E.2d 735 (Ct.App.1998).

3. S.C.Code Ann. § 16–11–330(A)(Supp.1999).

4. *See State v. Gourdine*, 322 S.C. 396, 399 n. 1, 472 S.E.2d 241, 242 n. 1 (1996) (noting the amendment to the statute requires that the robber allege he was armed while using a representation of a deadly weapon).

deadly weapon" to be an object that one present during the commission of the robbery reasonably believed to be a deadly weapon. The statute does not so read; instead, it requires either that the robber allege he or she was armed while using a representation of a deadly weapon *or* that the robber allege he or she was armed while using any object that a person present during the robbery reasonably believed to be a deadly weapon. The statute does not require that the "representation of a deadly weapon" also be an object that a person present during the commission of a robbery would reasonably believe to be a deadly weapon. Such a requirement would render the phrase "representation of a deadly weapon" surplusage.[5]

■ We hold the phrase "representation of a deadly weapon" includes words that convey to a victim the thought that a robber possesses a deadly weapon.[6] Here, Muldrow's note and his words conveyed the thought that he was in fact armed and capable of fulfilling his promise to shoot the clerk if she did not comply with his demand for money. Indeed, the store clerk obviously believed Muldrow's representation because she gave him the money that he demanded.

**AFFIRMED.**

HOWARD, J., concurs.

MOREHEAD, Acting Judge, dissents in a separate opinion.

MOREHEAD, Acting Judge, dissenting:

I respectfully dissent. As the majority opinion correctly states, a person is guilty of armed robbery if he commits robbery "while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon."

---

5. *See State v. Graves*, 269 S.C. 356, 363, 237 S.E.2d 584, 587 (1977) ("[A] statute should be so construed that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous....").

6. A "representation" has been defined as "a presentation to the mind in the form of an idea or image; a visual or tangible rendering of someone or something." *See* Dictionary.com (visited Apr. 17, 2000) <http://www.dictionary.com/cgi-bin/ dict.pl?term=representation>.

S.C.Code Ann. § 16–11–330(A) (Supp.1999). The statute requires the robber to allege he is armed by action or words and, separately, to use either a representation of a deadly weapon or an object one could reasonably believe to be a deadly weapon.

The majority asserts that, by orally threatening to shoot the clerk, Muldrow alleged he was armed and, by presenting the written note, Muldrow used a representation of a deadly weapon. I disagree. I believe the note was a mere allegation that Muldrow was armed rather than a representation of a deadly weapon. What if an unarmed robber enters a store and twice orally threatens to shoot the clerk without doing anything more? In that situation, clearly he is not guilty of armed robbery. I find it difficult to distinguish between that hypothetical situation and Muldrow's situation.

The statute is stretched too far by allowing a written note to be a representation of a deadly weapon. I do not believe a mere statement, written or oral, can be a representation of a deadly weapon. *See Scott v. State,* 334 S.C. 248, 513 S.E.2d 100 (1999) (penal statutes should be strictly construed against the State and in favor of the defendant).

I also do not believe a representation of a deadly weapon requires the presentation of an object, as asserted by Muldrow. There are circumstances under which a robber could represent that he had a deadly weapon without using an object. If Muldrow had patted his hip pocket while threatening to shoot the clerk, there would be evidence he was guilty of armed robbery. Under those circumstances, patting the hip pocket would be a representation but not an object.

While I believe Muldrow was guilty of robbery, I cannot agree Muldrow was guilty of armed robbery in this case. For the foregoing reasons, I respectfully dissent from the majority's interpretation of the armed robbery statute.