559 S.E.2d 847

**The STATE, Respondent,**

v.

**Angelo MULDROW, Petitioner.**

**No. 25414.**

Supreme Court of South Carolina.

Heard Nov. 15, 2001.

Decided Feb. 11, 2002.

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Katherine Carruth Link, both of S.C. Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Cecil Kelly Jackson, of Sumter, for respondent.

MOORE, Acting Chief Justice.

Petitioner was indicted for the armed robbery of a convenience store. The trial judge denied his motion for a directed verdict. Both armed robbery and the lesser included offense of common law, or strong arm, robbery were submitted to the

jury. Petitioner was convicted of armed robbery and sentenced to thirty years. The Court of Appeals affirmed. *State v. Muldrow*, 340 S.C. 450, 531 S.E.2d 541 (Ct.App.2000). We reverse and remand for resentencing.

## FACTS

At trial, the State produced evidence that petitioner entered the store, asked the clerk for a pack of cigarettes, then handed her a note that read: "Give me all your cash or I'll shoot you." When the clerk asked if he was serious, petitioner responded "yes" and told her to hurry up before he shot her.

On appeal, petitioner argued his motion for a directed verdict should have been granted because there was no evidence he was armed with a deadly weapon or that he used a representation of a deadly weapon as required under S.C.Code Ann. § 16–1–330(A) (Supp.2000). This section provides:

(A) A person who commits robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, *or while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon,* is guilty of a felony. . . .

(emphasis added).

The Court of Appeals's majority construed the underscored portion of the statute and held that the phrase "representation of a deadly weapon" includes "words that convey to a victim the thought that a robber possesses a deadly weapon." Accordingly, it concluded the note saying "I'll shoot you" was sufficient evidence to submit the charge of armed robbery to the jury.

## DISCUSSION

Under § 16–11–330(A), the State may prove armed robbery by establishing the commission of a robbery and either one of two additional elements: (1) that the robber was armed with a deadly weapon or (2) that the robber alleged he was armed with a deadly weapon, either by action or words, while using a representation of a deadly weapon or any object

which a person present during the commission of the robbery reasonably believed to be a deadly weapon. *See State v. Jones,* 342 S.C. 248, 536 S.E.2d 396 (Ct.App.2000). The second prong of this statute was added by amendment in 1996.[1]

Under the first prong of § 16–11–330(A), the presence of a weapon may be inferred from circumstantial evidence. *See State v. Williams,* 266 S.C. 325, 223 S.E.2d 38 (1976). We have never had occasion, however, to consider whether words alone are sufficient to establish the element of a deadly weapon. Other courts have held words unaccompanied by any corroborating action are not sufficient. *See, e.g., People v. Parker,* 417 Mich. 556, 339 N.W.2d 455 (1983); *People v. Jenkins,* 118 Misc.2d 530, 461 N.Y.S.2d 699 (1983); *State v. Scherz,* 107 Wash.App. 427, 27 P.3d 252 (2001). We concur with this general rule and hold words alone are not sufficient under the first prong of the statute.

The question then becomes whether words alone are sufficient under the recently added second prong of § 16–11–330(A) as held by the Court of Appeals. The resolution of this issue turns on the meaning of the phrase "while using a representation of a deadly weapon."

Under our general rules of construction, the words of a statute must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *State v. Grooms,* 343 S.C. 248, 540 S.E.2d 99 (2000). Further, we are bound to construe a penal statute strictly against the State and in favor of the defendant. *Brown v. State,* 343 S.C. 342, 540 S.E.2d 846 (2001).

If the phrase "representation of a deadly weapon" includes the use of words, as the Court of Appeals held, this portion of the statute would read: *"while alleging,* either by action or words, he was armed *while using words* conveying the thought that he has a deadly weapon." This construction creates a redundancy which essentially eliminates the additional element of a "representation" of a weapon, thus improperly expanding the statute's operation to embrace conduct not

---

1. 1996 S.C. Act No. 362, § 1, effective May 29, 1996.

clearly within its terms. Had the legislature intended armed robbery to include simply an allegation of being armed, it would have stopped after the phrase "while alleging, either by action or words, he was armed."[2] A plain reading of the statute indicates words alone are not sufficient under the second prong to support a conviction for armed robbery.

Further, we find it was not the intent of the legislature in adding the second prong of § 16–11–330(A) to preclude the need for evidence corroborating the allegation of being armed. Before the second prong was added, evidence the object used in a robbery was in actuality not a deadly weapon created a jury issue and entitled the defendant to a charge on the lesser included offense of strong arm robbery. *State v. Gourdine*, 322 S.C. 396, 472 S.E.2d 241 (1996); *see also State v. Tasco*, 292 S.C. 270, 356 S.E.2d 117 (1987). The legislature's amendment to § 16–11–330(A) simply ensures that the use of a object which is in fact not a deadly weapon will support a conviction for armed robbery. Under this prong, the State must still show evidence corroborating the allegation of being armed *i.e.*, the use of a physical representation of a deadly weapon, to establish armed robbery.

In conclusion, the Court of Appeals erred in finding the evidence in this case meets all the elements of armed robbery under § 16–11–330(A) since there is no evidence of a deadly weapon or a physical representation of a deadly weapon. Accordingly, the Court of Appeals's decision affirming petitioner's conviction for armed robbery is reversed.

We find the evidence is legally sufficient, however, to sustain a conviction on the lesser offense of strong arm robbery. Armed robbery includes all the elements of strong arm robbery. *State v. Keith*, 283 S.C. 597, 325 S.E.2d 325 (1985) (armed robbery is commission of common law robbery while armed with a deadly weapon). Our finding that the evidence is insufficient in this case goes only to the element

---

**2.** *Cf.* Ala.Code § 13A–8–41 (1975) ("any verbal or other representation by the defendant that he is then and there so armed is prima facie evidence" of first degree robbery); Colo. R.S.A. § 18–4–302 (1999) (possesses an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon *or* represents verbally or otherwise that he is then and there so armed).

requiring the use of a deadly weapon, an element not relevant to the lesser offense of strong arm robbery. Where the evidence is insufficient to sustain a conviction on the greater offense but is legally sufficient to support a conviction on the lesser, the Court on appeal may direct the entry of judgment on the lesser offense. *See, e.g., Caton v. State,* 252 Ark. 420, 479 S.W.2d 537 (1972); *Till v. People,* 196 Colo. 126, 581 P.2d 299 (Colo.1978); *State v. Scielzo,* 190 Conn. 191, 460 A.2d 951 (Conn.1983); *People v. Jones,* 63 A.D.2d 582, 404 N.Y.S.2d 622 (1978); *State v. Nulph,* 31 Or.App. 1155, 572 P.2d 642 (1977); *State v. Janisch,* 290 N.W.2d 473 (S.D.1980); *State v. Tutton,* 875 S.W.2d 295 (Tenn.Crim.App.1993).

Accordingly, the case is remanded to the trial court for entry of judgment on the charge of strong arm robbery and sentencing on that charge.

**REVERSED AND REMANDED.**

WALLER, BURNETT, PLEICONES, JJ., and GEORGE T. GREGORY, Jr., Acting J., concur.