OPINION OF THE COURT
Charles S. Lopresto, J.
Defendant Emmanuel Nwogu moves in an omnibus motion for the following relief: (1) a bill of particulars; (2) discovery; (3) inspection and dismissal of the accusatory instrument; (4) suppression of physical evidence; and (5) a reservation of rights pursuant to CPL 255.20 (3). The People have responded to the motion and demand reciprocal discovery. Defendant’s motion is decided as follows:
Defendant Emmanuel Nwogu is charged with menacing in the second degree (Penal Law § 120.14 [1]), menacing in the third degree (Penal Law § 120.15), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).
Facial Sufficiency
Defendant moves for dismissal of all the charges, arguing that the accusatory instrument is facially insufficient as the facts alleged fail to establish every element of the offenses charged. The People oppose the motion for dismissal.
To be sufficient on its face, a misdemeanor information must contain factual allegations of an evidentiary character demonstrating reasonable cause to believe the defendant committed the offenses charged. (CPL 100.15 [3]; 100.40 [1] [b]; 70.10; People v Jones, 9 NY3d 259 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Dumas, 68 NY2d 729 [1986].) These facts must be supported by nonhearsay allegations which, if true, establish every element of the offenses. (CPL 100.40 [1] [c].) An information which fails to satisfy these requirements is jurisdictionally defective. (CPL 170.30, 170.35; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].)
In reviewing an accusatory instrument for facial sufficiency, “[s]o long as the factual allegations of an information give an *203 accused, notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give it “a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) What is needed in the pleading is that the factual allegations are sufficiently evidentiary in character such that they tend to support the charges. (People v Allen, 92 NY2d 378, 385 [1998].)
In deciding a motion to dismiss for facial insufficiency, a court must confine its analysis to the allegations contained solely in the complaint and any depositions filed in support of it. (People v Alejandro at 138; People v Konieczny, 2 NY3d 569, 576 [2004].) New facts contained in the opposition are not part of the accusatory instrument and cannot serve to cure any of its alleged jurisdictional defects. (Id.; CPL 100.40 [1], [4].)
The accusatory instrument charges defendant with the commission of the aforementioned crimes on June 17, 2008, between 3:00 p.m. and 3:30 p.m., inside of 165-08 88th Avenue 5th Floor, Queens, New York, under the following circumstances:
“Deponent (Police Officer Jeffrey Smith) states that he is informed by complainant Gwen Wallace that at the above-mentioned date, time and place of occurrence, the defendant, Emmanuel N. Nwogu, stood up from his seat and stated T am going to blow up.’
“Deponent is further informed by the complainant that she observed the handle of a knife on the back of defendant’s waistband.
“Deponent is further informed by Sergeant Proherbs shield No. 623 that he recovered a dagger with a blade in excess of four inches from the back of the defendant’s waistband.
“Deponent is further informed by the complainant that the above-mentioned actions of the defendant placed her in fear of physical injury.”
“A person is guilty of criminal possession of a weapon in the fourth degree when . . . [h]e possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol, or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another” (Penal Law § 265.01 [2]). Penal Law § 265.15 (4) provides a statutory presumption of intent for the possession of certain weapons as follows: “The possession by any person of any dagger, dirk, stiletto, dangerous knife or any other weapon, instrument, appliance or substance designed, *204 made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another.”
Here, the accusatory instrument asserts that defendant was in possession of a dagger, one of the enumerated weapons that falls within the scope of the statute’s presumption. (Penal Law § 265.15 [4].) Therefore, the accusatory instrument is facially sufficient as to the charge of criminal possession of a weapon in the fourth degree. (Penal Law § 265.01 [2].)
“A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.” (Penal Law § 120.15.) The statute requires more than verbal threats, it requires a “physical menace,” i.e., a physical act which places the victim in fear of imminent serious injury. (Penal Law § 120.15; Matter of Akheern B., 308 AD2d 402 [1st Dept 2003], lv denied 1 NY3d 506 [2004]; People v Sylla, 7 Misc 3d 8 [App Term, 2d & 11th Jud Dists 2005]; People v Stephens, 100 Misc 2d 267 [Suffolk Dist Ct 1979]; Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.15, at 314-315.)
Here, factual allegations in the information relating to the charge of menacing in the third degree consist of defendant’s standing up from a seat stating “I am going to blow up” and the complaining witness’ observation of a handle of a knife on the back of defendant’s waistband. There is no allegation that defendant’s words were directed at the complaining witness or anyone else, nor does the accusatory instrument allege the physical proximity of defendant to the complaining witness at any time during the incident. Defendant’s words “I am going to blow up,” the physical act of standing up from a seat, together with the observation of a knife handle in the back of defendant’s waistband, are insufficient to demonstrate defendant’s intent to place another person in fear of death, imminent serious physical injury or physical injury. Thus, the accusatory instrument lacks sufficient factual allegations to support the charge of menacing in the third degree.
“A person is guilty of menacing in the second degree when:
“1. He or she intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine *205 gun or other firearm.” (Penal Law § 120.14 [1];
People v Filauri, 10 Misc 3d 1064[A], 2005 NY Slip Op 52141 [U] [Nassau Dist Ct 2005].)
The crime of menacing in the second degree requires an intent to place another person in “reasonable fear of physical injury” by “displaying” a weapon or dangerous instrument. (People v Bartkow, 96 NY2d 770, 772 [2001].)
The word “displays” has been interpreted in an analogous context in Penal Law § 160.15 (4) and § 160.10 (2), which define robbery in the first and second degrees. In that context, in order to establish the “display” element, the People must show that the defendant consciously displayed something that reasonably could be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display. (People v Lopez, 73 NY2d 214 [1989]; People v Baskerville, 60 NY2d 374 [1983].) The “display” must actually be witnessed by the victim, i.e., it must appear to the victim by sight, touch or sound that he or she is threatened, in that context, by a firearm. (People v Lopez, supra; People v Silva, 178 Misc 2d 538 [Crim Ct, Bronx County 1998]; People v Jenkins, 118 Misc 2d 530 [Sup Ct, NY County 1983].) Thus, the object, whether or not an actual firearm, will suffice to establish the element of “display” if, under all the circumstances, defendant’s conduct reasonably could lead the victim to believe that a firearm was being used. (People v Lopez at 220.)
Here, as above stated, the factual allegations in the complaint are insufficient to demonstrate that defendant’s words, conjoined with his act of standing up, placed another in reasonable fear of physical injury, serious physical injury or death. The additional factual allegation that a knife handle was observed by the complaining witness on the back of defendant’s waistband does not necessitate a different result. Again, as there is no factual allegation as to where defendant and complainant were positioned in relation to one another.
The accusatory instrument fails to establish the “display” element as there are no factual allegations that defendant consciously displayed the knife or used it in any way so as to intentionally put the complaining witness in reasonable fear of “physical injury, serious physical injury or death.” (Penal Law § 120.14 [1]; People v Iftikhar, 185 Misc 2d 565, 569 [Crim Ct, Queens County 2000].) The new facts contained in the People’s opposition, including that the offense occurred in a workplace situation, and not contained in the information, cannot be *206 considered in deciding this motion and thus do not cure any of the information’s jurisdictional defects. (People v Alejandro at 138; People v Konieczny, 2 NY3d 569, 576 [2004]; CPL 100.40 [1], [4].)
Based on the foregoing, the court finds that the charges of menacing in the second degree (Penal Law § 120.14 [1]) and menacing in the third degree (Penal Law § 120.15) are facially insufficient and must be dismissed. The People are granted leave to file a legally sufficient superseding information within 30 days of the date of this decision.
Suppression of Physical Evidence
Defendant moves for the suppression of the knife which defendant avers was seized from his person. The motion to suppress physical evidence is granted to the extent that a Mappl Dunaway hearing is ordered. (Mapp v Ohio, 367 US 643 [1961]; Dunaway v New York, 442 US 200 [1979].)
Reservation of Rights
Defendant’s motion to reserve the right to make further motions is granted on the consent of the People to the extent permitted by CPL 255.20 (3).
Demand for Reciprocal Discoveiy
The People’s request for reciprocal discovery is granted to the extent required by CPL 240.30.