OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant, charged with menacing in the second degree (Penal Law § 120.14 [1]), and other, related offenses, moves to dismiss count one of the information, which charges him with that offense. For the reasons that follow the court grants defendant’s motion as to count one.
Defendant also moves to suppress certain statements and for discovery. As to these motions, the court orders a Dunaway/ Huntley hearing, and directs the People to file a voluntary disclosure form no later than 14 days before trial.
I. Factual Background
A. The Allegations
The misdemeanor complaint describes a number of telephonic communications alleged to have originated from the defendant, all directed at a former girlfriend, Rosemary Ruiz.
First, on May 13, 2013, Ms. Ruiz received a text message from a telephone number she knew to be the defendant’s saying, in substance, “I annihilate people who try to hurt me, I will be good if you give me another chance.” Two days later, Ms. Ruiz received two text messages from that same number: the first included a photo of a masked man holding a knife, while the second included a photo of the defendant holding up his middle finger.
*707 Three days later, defendant texted Ms. Ruiz and asked her to erase the photos. He sent her another text message 10 minutes later saying, in substance, “I never exactly loved you,” and a third later that same morning that said, “Bitch.”
Defendant texted Ms. Ruiz twice more on May 22, 2013, and three times on May 23. He also tried to call her three times on May 23.
Finally, on July 10, 2013, defendant re-texted to Ms. Ruiz the photo of the man in a mask holding a knife. This time, it was accompanied by the words “take that.”
The man holding the knife was the defendant; on August 21, 2013, when he was arrested, he asked the arresting officer whether “anyone in court” was “going to see that photo of me in the mask holding the knife.”
B. Legal Proceedings
Defendant was arraigned on August 21, 2013, on a misdemeanor complaint charging him with menacing in the second degree in violation of Penal Law § 120.14 (1) (count one), three counts of aggravated harassment in the second degree—Penal Law § 240.30 (1) (a) (count two), Penal Law § 240.30 (2) (count three), and Penal Law § 240.30 (1) (b) (count four)—and harassment in the second degree (Penal Law § 240.26 [1]). Because this was alleged to be a family offense, the People filed a family protection registry information sheet and notices pursuant to CPL 170.10 (8-a) (a) and 370.15. The People also sought and obtained a temporary order of protection in favor of Ms. Ruiz.
The court released the defendant on his own recognizance and adjourned the case to October 23, 2013, for conversion.
On October 23, 2013, the People filed the supporting deposition of Rosemary Ruiz, which converted the misdemeanor complaint to an information, and the court set a motion schedule. December 16, 2013, was the date for response and decision.
Defendant filed an omnibus motion on December 3, 2013, which included the instant motion to dismiss. The People did not have a response ready on December 16, and the court gave the People a second opportunity to respond, adjourning the case to February 5, 2014, for response and decision. When, on that date, the People still did not have a response to the motion, the court precluded the People’s response and adjourned the case for decision. The matter has been sub judice since then.
*708 II. Discussion
Defendant sent his ex-girlfriend via text message a picture of himself wearing a mask and holding a knife, accompanied by the words “take that.” Whether or not it is true that a picture is worth a thousand words, one thing is clear: however many words it is worth, a picture remains just a picture, and is not itself the object it depicts. On these facts, then, reaching a question of first impression, the court concludes that, when the defendant texted a picture of himself holding a knife he did not “display[ ] a . . . dangerous instrument,” within the meaning of Penal Law § 120.14 (1).
A. The Information
Because this motion requires a detailed examination of the content of the information, the complete text of its factual recitation, as sworn out by Detective George Gill, is set out below:
“I am informed by Rosemary Ruiz, of an address known to the District Attorney’s Office, that on May 13, 2013, at around 9:27 am, at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received a text message from a phone number she knows to be the defendant’s, which said, in substance, I annihilate people who try to hurt me, I will be good if you give me another chance.
“I am informed by Ms. Ruiz, that on May 15, 2013, at around 8:08PM at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received a text message from a phone number she knows to be the defendant's, in which there is a photo of a masked man holding a knife.
“I know that the defendant is the man in the mask holding the knife because, when the defendant was arrested, he asked me, in substance: Is anyone . . . in court going to see that photo of me in the mask holding the knife?
“I am further informed by Ms. Ruiz, that on May 15, 2013, at around 8:08PM at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received a text message from a phone number she knows to be the defendant[’]s, in which there is a photo of the defendant holding up his middle finger.
“I am further informed by Ms. Ruiz, that on May *709 18, 2013, at around 10:18am, at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received a text message from a phone number she knows to be the defendant’s, that stated in substance, Please erase the photos.
“I am further informed by Ms. Ruiz, that on May 18, 2013, at around 10:28am, at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received a text message from a phone number she knows to be the defendant’s, that stated in substance, I never exactly loved you.
“I am further informed by Ms. Ruiz, that on May 18, 2013, at around 11:50am, at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received a text message from a phone number she knows to be the defendant’s, that stated in substance, Bitch. . . .
“I am further informed by Ms. Ruiz, that on May 22, 2013, between 11:48PM and 11:54PM, at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received two more text messages from the defendant’s number.
“I am further informed by Ms. Ruiz, that on May 23, 2013, between 2:59AM and 8:12PM, at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received three more text messages from the defendant’s number.
“I am further informed by Ms. Ruiz, that on May 23, 2013, at 3:06PM and 7:53 PM, at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received three missed calls from the defendant’s number.
“I am further informed by Ms. Ruiz, that on July 10, 2013, at around 12:15AM at a location known to the District Attorney’s Office in the County and State of New York, that Ms. Ruiz received a text message from a phone number she knows to be the defendant’s, in which there is the same photo of the defendant holding a knife, along with a message that stated, in substance, take that.
*710 “Ms. Ruiz informs that she knows the number belongs to the defendant because she has previously used it to talk to the defendant.”
B. Facial Sufficiency in General
To be facially sufficient, an information must contain non-hearsay allegations providing reasonable cause to believe that the People can prove every element of the crime charged. (CPL 100.40 [1] [a]-[c]; see also People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133 [1987]; People v McDermott, 69 NY2d 889 [1987]; People v Case, 42 NY2d 98 [1977].) Reasonable cause to believe that a person has committed an offense “exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
This standard does not require that the information allege facts that would prove defendant’s guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) Rather, it need only contain allegations of fact that “give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense.” (People v Casey, 95 NY2d 354, 360 [2000].) A court reviewing for facial insufficiency must assume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; People v Jackson, 18 NY3d 738, 747 [2012]; see also Casey, 95 NY2d at 360.) Under these standards, the information here is facially insufficient as to menacing in the second degree, the offense charged in count one.
C. The Statute
Penal Law § 120.14 (1), in pertinent part, provides that
“[a] person is guilty of menacing in the second degree when . . .
“[h]e . . . intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a . . . dangerous instrument. . . .”
Defendant challenges the sufficiency of the information as to both the “reasonable fear” element and the “display” element.
*711 D. The Information Sufficiently Alleges That Defendant Placed the Complainant in “Reasonable Fear”
Defendant argues that the facts alleged in the information do not make out a prima facie case that defendant placed the complainant in reasonable fear of physical injury, serious physical injury or death, as required by Penal Law § 120.14 (1). His primary argument is that there is no allegation that defendant was near the complainant at the time he sent her the threatening text message. The court disagrees, even though the information does not expressly allege that Ms. Ruiz feared for her safety as a result of defendant’s conduct. There is a reasonable inference that the conduct alleged, viewed in its totality, caused the complainant to fear for her safety or, alternatively, reflected defendant’s attempt to place her in fear for her safety. Either theory is sufficient.
While it is true that the information does not allege facts from which it can be reasonably inferred that there was any physical proximity between defendant and the complainant at the time he sent her the threatening text message, the court nevertheless concludes that the information sufficiently alleges conduct that would have placed the complainant in reasonable fear for her safety. The picture of the defendant holding a knife and wearing a mask, accompanied by the threatening words “take that,” in the context of the entirety of the defendant’s behavior, clearly did so.
First, the instant offense is charged as a family offense, and defendant is alleged to be a “person similarly situated to a spouse, parent or guardian” of the complainant. (See notice pursuant to CPL 370.15, filed at arraignment.) The information alleges that defendant had “intimate access” to the complainant, and its factual recitation clearly shows that he knew her telephone number, and that she knew the number was his. There is accordingly a reasonable inference, given these facts, that the complainant believed that the defendant knew where she lived or worked, or otherwise how to find her. Undoubtedly, receiving a threatening text message from a person with this degree of access was a seriously frightening occurrence.[1] It is equally clear that defendant’s conduct represented an attempt to so frighten her.
In addition, the threatening text message cannot be considered in isolation. That text was the culmination of a series of mes *712 sages, some threatening and some not, and numerous other efforts to contact the complainant telephonically that spanned a period of nearly two months. Defendant’s persistence in this pattern of behavior surely magnified the complainant’s fear for her safety.
Accordingly, the court concludes that a consideration of all of the facts pleaded leads to a reasonable inference that defendant’s actions placed the complainant in reasonable fear for her safety.
E. The Information Does Not Sufficiently Allege a “Display”
The court reaches a different conclusion however, as to the requirement that the People sufficiently allege that defendant “display[ed]” a dangerous instrument, as also required by section 120.14 (1). As to that element, the court finds that the information is facially insufficient and cannot be cured.
The word “display! ],” as used in section 120.14, has not been specifically examined; that same word has been interpreted in an analogous context, however, in Penal Law §§ 160.15 (4) and 160.10 (2) (b), which define robbery in the first and second degrees. Both of those statutes require proof that defendant “display[ed]” what appears to be some type of firearm. In the robbery context, in order to establish the “display” element, the People must show that the defendant consciously displayed something that reasonably could be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display. (People v Lopez, 73 NY2d 214 [1989]; People v Baskerville, 60 NY2d 374, 381 [1983].) The “display” must actually be witnessed by the victim, which means that the victim must perceive, by sight, touch or sound, that he is threatened by a firearm. (Lopez, 73 NY2d at 220; People v Silva, 178 Misc 2d 538 [Crim Ct, Bronx County 1998]; People v Jenkins, 118 Misc 2d 530 [Sup Ct, NY County 1983].) Thus, the victim’s sensation of the object, whether or not an actual firearm, will suffice to establish the element of “display” if, under all the circumstances, defendant’s conduct reasonably could lead the victim to believe that a firearm was being used. (Lopez, 73 NY2d at 220.)
However, while the requirement that there be a “display” has been closely examined, the full parameters of what constitutes a “display” nevertheless have not. On the one hand, words alone—a writing or a verbal threat—are not enough. A “mere statement! ] that a robber is armed with a gun” is not a display. (Id. at 221.) “Informing a robbery victim that a gun is present or even threatening to shoot may be as frightening as display *713 ing a firearm, but under these statutes it is the ‘display’ of what appears to be a firearm, and not the mere threat to use one, which is required.” (Id.; see also People v Norville, 198 AD2d 103, 104 [1st Dept 1993] [“In defining the element of ‘display’ to the jury, the court erroneously instructed that the defendant could be convicted solely on the basis of words used during the attempted robbery”].) On the other hand, it is also clear that actually presenting a weapon, or something that appears to be one, in a way that the victim can perceive by his senses, is always a “display.” (Lopez, 73 NY2d at 221; see also Jenkins, 118 Misc 2d at 533 [gun was “displayed” when victim felt it pressed against her side].)
But the facts here fall somewhere in between those two bounds. Defendant used something more than just words—a picture of himself holding a knife—but something short of an actual display, since neither defendant nor the knife was present when the victim saw the picture. On these facts, the court is constrained to conclude that sending the photograph via text message was more like a written communication than an actual, physical display, and is insufficient to establish the display element.
There is one crucial factor in common in all cases where a court has found a “display”—the physical presence of some object that the victim was able to actually perceive, whether by sight or by touch.[2] But this case is categorically different. It does not involve the physical presence of the knife; it involves a depiction of the knife in a photograph. A photograph of a knife is more like a verbal confirmation of its existence—a note or the statement “I have a knife”—than it is like the physical display of a knife. And, since a verbal assertion is alone not enough to amount to a “display,” the information here fails to plead facts from which a “display” can reasonably be inferred.
Accordingly, since the information fails to allege sufficient facts from which it can be reasonably inferred that the defendant displayed a knife, count one is facially insufficient. The court notes that this is not a case where the use of a new technology—text messaging—has placed a defendant’s criminal conduct outside the scope of the Penal Law. (Cf. People v Barber, 42 Misc 3d 1225[A], 2014 NY Slip Op 50193[U] [Crim Ct, NY County 2014] [dismissing all counts relating to defendant’s dis *714 semination of “revenge porn”].) Rather, this is simply a case where, in one of several counts, the People charged a statute that did not cover the defendant’s conduct. However, defendant remains charged in several counts, the facial sufficiency of which he does not challenge, that appear to adequately cover his actions.
Accordingly, for the above reasons, count one is dismissed as facially insufficient.
III. Conclusion
For the foregoing reasons, the court grants defendant’s motion to dismiss count one. As for defendant’s motions to suppress certain statements and for discovery, the court orders a Dunaway ¡Huntley hearing and directs the People to file a voluntary disclosure form no later than 14 days before trial.

. The cases relied upon by the defendant, People v Iftikhar (185 Misc 2d 565 [Crim Ct, Queens County 2000]) and People v Nwogu (22 Misc 3d 201 [Crim Ct, Queens County 2008]), did not involve family offenses.

. The court has not been able to locate a case where a “display” was made out through taste, sound or scent, although, with varying degrees of improbability, such “displays” would be entirely possible.