**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

State of South Carolina, Respondent,

v.

Lauri Danielle Hollis, Appellant.

Appellate Case No. 2012-213139

———————

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

———————

Unpublished Opinion No. 2014-UP-319
Submitted July 1, 2014 – Filed August 6, 2014

———————

**AFFIRMED**

———————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Kaycie Smith Timmons, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is . . . substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this c]ourt must find the case was properly submitted to the jury."); *State v. Moore*, 374 S.C. 468, 476, 649 S.E.2d 84, 88 (Ct. App. 2007) ("Robbery is defined as the felonious or unlawful taking of . . . personal property of any value from the person of another . . . by violence . . . ." (internal quotation marks omitted)); *State v. Muldrow*, 348 S.C. 264, 267, 559 S.E.2d 847, 849 (2002) (defining armed robbery as the commission of robbery plus the additional element "that the robber was armed with a deadly weapon"); *State v. Thompson*, 374 S.C. 257, 261-62, 647 S.E.2d 702, 704-05 (Ct. App. 2007) (stating that "under the hand of one is the hand of all theory [of accomplice liability], "presence at the scene of a crime by pre-arrangement to aid, encourage, or abet in the perpetration of the crime constitutes guilt as a [principal]" (alterations by court) (internal quotation marks omitted)).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.