**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Dustin Lucas, Appellant,

v.

State Farm Mutual Automobile Insurance Company, Respondent.

Appellate Case No. 2023-000870

———————————

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-011
Submitted November 1, 2024 – Filed January 15, 2025

———————————

**AFFIRMED**

———————————

Joshua Thomas Hawkins, of Hawkins & Jedziniak, LLC, of Greenville, for Appellant.

Charles R. Norris, of Whelan Mellen & Norris, LLC, of Charleston, for Respondent.

———————————

**PER CURIAM:** James Dustin Lucas seeks to enforce an alleged agreement that he would let one of the defendants in a tort case out of default if that defendant's insurance company, State Farm Mutual Automobile Insurance Company, agreed to negotiate between its reserve and the policy limit at an early mediation. Lucas filed

this action against State Farm alleging breach of contract accompanied by a fraudulent act after the case did not settle at mediation. The parties filed cross-motions for summary judgment. The circuit court ruled in favor of State Farm finding the alleged agreement did not satisfy Rule 43(k), South Carolina Rules of Civil Procedure, and Lucas could not present any evidence to support his claims without violating the confidentiality rules that apply to mediation. We agree and affirm.

"When the parties file cross-motions for summary judgment, the issue becomes a question of law for the [c]ourt to decide de novo." *S.C. Pub. Int. Found. v. Calhoun Cnty. Council*, 432 S.C. 492, 495, 854 S.E.2d 836, 837 (2021). "Therefore, we need not determine whether there are genuine issues of fact; instead we are only concerned with the resolution of the questions of law." *S.C. Pub. Int. Found. v. City of Columbia*, 431 S.C. 164, 167, 847 S.E.2d 257, 258 (Ct. App. 2020).

Rule 43(k), provides:

> No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel. However, where the parties reach a settlement agreement during a mediation . . . and the settlement agreement involves payment by an insurer, the signature of counsel retained by an insurer on behalf of the Defendant[] . . . shall suffice in place of the signature of the insured party.

"In interpreting the meaning of [procedural rules], the [c]ourt applies the same rules of construction used to interpret statutes." *Kosciusko v. Parham*, 428 S.C. 481, 496, 836 S.E.2d 362, 370 (Ct. App. 2019) (alterations in original) (quoting *Ex parte Wilson*, 367 S.C. 7, 15, 625 S.E.2d 205, 209 (2005)). "Under our general rules of construction, the words of a [rule] must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the [rule]'s operation." *Farnsworth v. Davis Heating & Air Conditioning, Inc.*, 367 S.C. 634, 638, 627 S.E.2d 724, 726 (2006) (quoting *State v. Muldrow*, 348 S.C. 264, 268, 559 S.E.2d 847, 849 (2002)).

We respectfully disagree with Lucas's argument that Rule 43(k) only applies to settlement agreements. In *Ashfort*, our supreme court held that "[t]o take such a narrow reading of Rule 43(k) would defeat its purpose . . . . The intent of Rule 43(k) is to require all agreements regarding pending litigation" to satisfy the requirements of the rule. *Ashfort Corp. v. Palmetto Constr. Grp, Inc.*, 318 S.C. 492, 495, 458 S.E.2d 533, 535 (1995); *see also Young v. Cooler*, 347 S.C. 362, 365, 555 S.E.2d 410, 412 (Ct. App. 2001) ("In *Ashfort*, the court held that the purpose of rules like Rule 43(k) is to prevent disputes concerning the existence and terms of agreements and to relieve the court of the necessity of determining such disputes.").

We have no difficulty determining Rule 43(k) applies to this case. An agreement that results in a party being let out of default is undoubtedly one that affects the proceedings. At the very least, the alleged agreement is one "regarding pending litigation." The underlying tort case is pending in Greenville County.

"Where Rule 43(k) applies, [our supreme c]ourt has held its terms are mandatory, which precludes a party from turning to contract or equitable principles (or counter public policy arguments) to vitiate those terms." *S.C. Hum. Affs. Comm'n v. Zeyi Chen*, 430 S.C. 509, 521, 846 S.E.2d 861, 867 (2020). "The rule is plainly worded: 'No agreement . . . shall be binding unless' one of the [stated] requirements is met." *Id.* at 520, 846 S.E.2d at 866 (alterations in original) (quoting *Farnsworth*, 367 S.C. at 638, 627 S.E.2d at 726); *see also Farnsworth*, 367 S.C. at 637, 627 S.E.2d at 725 (finding "an agreement is non-binding until a condition is satisfied"). In other words, "[s]ubstantial compliance is not sufficient." *Chen*, 430 S.C. at 521, 846 S.E.2d at 867; *see also Buckley v. Shealy*, 370 S.C. 317, 322 n.2, 635 S.E.2d 76, 78 n.2 (2006) (finding Rule 43(k) applies even when parties admit to reaching an agreement at mediation because the terms of the rule are mandatory).

The record contains no evidence of a consent order or a written stipulation that the parties signed. Additionally, the alleged agreement was not made in open court. Merely describing an alleged agreement for the purpose of defending against it does not satisfy this condition. Neither Lucas nor the defendant in the underlying case signed the alleged agreement. *See Chen*, 430 S.C. at 519, 846 S.E.2d at 866 (finding that "Rule 43(k) requires the signatures of the parties *and* their counsel"). Here, the alleged agreement is a series of emails, each of which contains the signature blocks of counsel. Lucas contends the signature blocks in the emails are sufficient to satisfy the rule because State Farm retained counsel for the defaulted defendant. We disagree. The exception in question only applies "where the parties reach a settlement agreement during a mediation . . . and the settlement agreement involves

payment by an insurer." Rule 43(k), SCRCP. The parties did not reach a settlement during mediation. Therefore, the exception cannot apply.

Accordingly, we find that the alleged agreement was not binding because it fails to satisfy the mandatory requirements of Rule 43(k).

The circuit court also ruled that State Farm was entitled to judgment as a matter of law because Lucas could not prove his case without presenting confidential communications made during mediation. We agree with this as well. Rule 8(a), South Carolina Rules of Alternative Dispute Resolution, plainly declares that statements made during a mediation cannot be used as evidence in "any arbitral, judicial or other proceeding." Furthermore, none of the exceptions listed in Rule 8(c) apply, nor does Lucas argue that any of them apply. Therefore, we agree that State Farm was entitled to judgment as a matter of law because Lucas cannot present any admissible evidence to support his claims.

Finally, we emphasize that both parties filed cross-motions for summary judgment, conceding that the case was ripe for resolution as a matter of law. Even if there was an enforceable agreement, and even if the allegations against State Farm supported a cognizable claim of fraud, Lucas did not present any evidence of damages. The idea that State Farm's insured being in default would have automatically entitled Lucas to a $25,000 judgment is patently meritless.

We decline to address any remaining issues based on the dispositive nature of the grounds outlined above. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling it unnecessary for an appellate court to address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.