# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Didier Van Sellner, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-002472

---

## ON WRIT OF CERTIORARI

---

Appeal from Orangeburg County
The Honorable Maite Murphy, Circuit Court Judge

---

Opinion No. 27644
Submitted May 16, 2016 – Filed June 29, 2016

---

## REVERSED

---

Appellate Defender Laura R. Baer, of Columbia, for Petitioner.

Attorney General Alan M. Wilson, and Assistant Attorney General Megan H. Jameson, both of Columbia.

---

**JUSTICE HEARN:** Didier Van Sellner pled guilty to armed robbery and later applied for post-conviction relief (PCR), asserting his counsel was ineffective for advising him to take a plea deal when the State could not demonstrate all of the elements of armed robbery. The PCR court denied him relief, finding he received

effective assistance of counsel.  We reverse.[1]

## FACTS/PROCEDURAL HISTORY

Van Sellner was charged with armed robbery.  After consulting with counsel, he learned he could be subject to life imprisonment without the possibility of parole due to his prior convictions in New Jersey and New York for robbery and various drug offenses.  *See* S.C. Code Ann. § 17-25-45 (2015).  As a result of counsel's advice, Van Sellner decided to accept the plea offered by the State.

At the plea hearing, the State explained that Van Sellner entered the South Carolina Bank and Trust (the Bank) in Orangeburg and waited in line to speak with a teller.  When it was his turn, he handed the teller a note "requesting her to give him [$3,000] in used bills, indicating to her not to give him any dye packs, and that if she did not comply he would shoot her."[2]  The teller partially complied by giving Van Sellner $492.  After receiving the money, Van Sellner fled the scene.  The police captured Van Sellner that day wearing the same clothes he had on during the robbery.  Van Sellner confessed to the police and the FBI.

Following the State's presentation of facts, trial counsel informed the court that she believed the plea was in Van Sellner's best interest based on his prior record and the potential that the State could seek life without the possibility of parole.  The trial court asked Van Sellner whether he understood the elements of armed robbery and confirmed the State had not influenced his plea.  Van Sellner informed the trial court that he wanted to plead guilty because he was trying to avoid returning to jail for a prolonged period of time.

Ultimately, the trial court accepted the plea, stating, "I find that there is a factual basis for you to plead guilty to this charge, and so I am going to accept your guilty plea at this time."  The trial court sentenced Van Sellner to twelve years' imprisonment.

Van Sellner subsequently filed for PCR, alleging that because he did not display a weapon during the robbery, trial counsel incorrectly advised him to plead

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] At the PCR hearing, Van Sellner testified the note said, "freeze this is a stick up, I have a gun please give me 3,000 dollars in large, loose, bills.  No Games or I'll shoot."

to armed robbery.  At the PCR hearing, Van Sellner testified the research he conducted during incarceration revealed his counsel did not properly advise him on the law.  In support, he pointed to other available charges for robbery crimes.  He testified trial counsel told him he was "stuck," and armed robbery was the only possible crime he could be charged with under the circumstances.  Van Sellner testified it was a "take it[,] or leave it[ and] get life" situation because the armed robbery charge and sentence could not be reduced given his prior record.  Van Sellner repeatedly testified he did not have a weapon or make any physical indication that he had a weapon on his person at the time of the robbery.

Trial counsel testified that there was no evidence that Van Sellner had a gun during the robbery or made any representation of a weapon.  Moreover, she testified that police reports stated Van Sellner was not armed.

The PCR court found trial counsel was not deficient for advising Van Sellner to plead guilty to armed robbery.  In denying relief, the PCR court explained Van Sellner "failed to meet his burden of establishing any deficiency" because "[b]y passing the teller a note threatening her with a deadly weapon, [Van Sellner's] conduct comported to the armed robbery statute by alleging with words that he was armed with a deadly weapon."  Further, the PCR court found Van Sellner could not establish prejudice from the alleged deficiencies "as there [wa]s no reasonable likelihood that the result of proceeding would have been different or that [Van Sellner] would have proceeded to trial."

Van Sellner filed a petition for a writ of certiorari, which this Court granted.

## ISSUE PRESENTED

Did the PCR court err in denying Van Sellner's application for PCR based on plea counsel's advice to him to plead guilty to armed robbery when the evidence demonstrated Van Sellner's actions during the robbery did not support a conviction under S.C. Code Ann. section 16-11-330(A) (2015), as analyzed in *State v. Muldrow*, 348 S.C. 264, 559 S.E.2d 847 (2002)?

## STANDARD OF REVIEW

This Court gives great deference to the factual findings of the PCR court and will uphold them if there is any evidence of probative value to support them. *Jordan v. State*, 406 S.C. 443, 448, 752 S.E.2d 538, 540 (2013).  Questions of law

are reviewed *de novo*, and we will reverse the PCR court's decision when it is controlled by an error of law.  Jamison v. State, 410 S.C. 456, 465, 765 S.E.2d 123, 127 (2014).

## LAW/ANALYSIS

Van Sellner argues he was denied his Sixth Amendment right to effective assistance of counsel because plea counsel advised him to plead guilty to the offense of armed robbery even though the facts did not support a conviction for armed robbery.  We agree.

"An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  The two-part test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  "A defendant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty, but would have insisted on going to trial."  *Holden v. State*, 393 S.C. 565, 572, 713 S.E.2d 611, 615 (2011) (emphasis added) (quoting *Rolen v. State*, 384 S.C. 409, 413, 683 S.E.2d 471, 474 (2009)).

In addressing the adequacy of a PCR applicant's guilty plea, it is proper to consider both the guilty plea transcript and the evidence presented at the PCR hearing.  *Id*. at 573, 713 S.E.2d at 615 (citing *Suber v. State*, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007)).  "[T]here is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011).

Under section 16-11-330(A)[3] of the South Carolina Code (2003), the State

---

[3] Section 16-11-330(A) states:

A person who commits robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor, or other deadly weapon, or *while alleging, either by action or words, he was armed while using a*

may prove armed robbery by establishing the commission of a robbery and either one of two additional elements. The State must prove either (1) the robber was armed with a deadly weapon, or (2) the robber alleged he was armed with a deadly weapon, either by action or words, while using a representation of a deadly weapon or any object which a person during the commission of a robbery would reasonably believe to be a deadly weapon. *See id.*

In *State v. Muldrow*, this Court addressed whether words alone are sufficient to establish the presence or a witness's reasonable belief of a deadly weapon under 16-11-330(A). 348 S.C. 264, 559 S.E.2d 847 (2002). There, Muldrow entered a convenience store and gave the clerk a note that read, "Give me all your cash or I'll shoot you." *Id*. at 267, 559 S.E.2d at 849. The clerk asked Muldrow if he was serious, to which Muldrow responded affirmatively and told her to hurry up before he shot her. *Id*. In reviewing the plain language of 16-11-330(A), this Court found that words alone are not sufficient to support a conviction for armed robbery. *Id*. at 269, 559 S.E.2d at 849–50. As a result, this Court held the State must show "evidence corroborating the allegation of being armed, i.e., the use of a physical representation of a deadly weapon, to establish armed robbery." *Id*.

Here, the facts presented by the State do not include the requisite corroborating evidence for armed robbery. During the plea hearing, the State did not allege Van Sellner was armed, nor did it allege Van Sellner took any type of action which would allow a witness to reasonably believe he was armed. The State also failed to introduce any evidence to address the adequacy of Van Sellner's guilty plea at the PCR hearing. In neither proceeding did the State present sufficient evidence to satisfy the test set forth in *Muldrow*. Therefore, plea counsel's advice to Van Sellner that he could be convicted of armed robbery without proof of a physical representation of a deadly weapon rendered counsel's

---

*representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon*, is guilty of a felony and, upon conviction, must be imprisoned for a mandatory minimum term of not less than ten years or more than thirty years, no part of which may be suspended or probation granted. A person convicted under this subsection is not eligible for parole until the person has served at least seven years of the sentence.

(Emphasis added).

performance deficient, and the PCR court erred in finding plea counsel effective.

## CONCLUSION

Based on the foregoing, we reverse the PCR court's denial of relief and grant Van Sellner a new trial.

**BEATTY, KITTREDGE and FEW, JJ., concur. PLEICONES, C.J., concurring in result only.**