# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Michael Lee Robinson, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2015-001773

---

## ON WRIT OF CERTIORARI

---

Appeal from Greenville County
Perry H. Gravely, Post-Conviction Relief Judge

---

Opinion No. 27762
Submitted November 15, 2017 – Filed February 7, 2018

---

## REVERSED

---

Appellate Defender Susan B. Hackett, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General DeShawn H. Mitchell, both of Columbia, for Respondent.

---

**ACTING CHIEF JUSTICE KITTREDGE**: This is a post-conviction relief (PCR) matter. Petitioner Michael Lee Robinson was indicted in 2013 on charges of first-degree criminal sexual conduct (CSC) with a minor. The alleged offenses

occurred between 1998 and 2000.  However, between 2001 and 2012, the CSC statute was amended, increasing the sentencing range for this crime.  The State offered "to let" Petitioner plead guilty under the prior sentencing law but insisted that Petitioner would be subject to the increased 2012 sentencing scheme if he rejected the offer and went to trial.[1]  Plea counsel, apparently unaware of the inapplicability of the 2012 sentencing enhancement under any circumstances, recommended Petitioner accept the offer.  Based on counsel's recommendation, Petitioner pled guilty.

The PCR court denied relief, and this Court granted a writ of certiorari to review that decision.  Petitioner pled guilty on plea counsel's advice to accept the plea offer because Petitioner would otherwise be subject to an increased sentence based on a statute amended after the offense date.  However, Petitioner was not subject to the increased sentence in the 2012 amended statute, for that would have violated the ex post facto clauses of the United States Constitution and South Carolina Constitution.  Because the PCR court's decision is controlled by an error of law, we reverse.

## I.

In February 2013, a Greenville County grand jury indicted Petitioner on several counts of first-degree CSC with a minor for alleged acts that occurred between July 1, 1998, and July 31, 2000.  At the time the alleged acts occurred, the crime of first-degree CSC with a minor carried a sentencing range of zero to thirty years. S.C. Code Ann. §§ 16-3-655(A)(1) (1984) (defining the crime), 16-1-90(A) (1998) (listing the crime as a Class A felony), 16-1-20(A)(1) (1995) (providing the penalty for a Class A felony as zero to thirty years).  However, in subsequent years, the sentencing range for first-degree CSC with a minor was increased to twenty-five years to life.  S.C. Code Ann. § 16-3-655(D)(1) (2012). The State offered a plea deal for Petitioner to plead guilty to one count of first-degree CSC with a minor and, in exchange, the State would "agree to let" Petitioner "be sentenced under the

---

[1] This statute was amended prior to 2012; however, we refer to the 2012 amended statute as it was in effect at the time that Petitioner was indicted and both parties refer to it as the statute under which the State would have attempted to prosecute Petitioner.  *See*, *e.g.*, 2006 Act No. 342, § 3 (codified at S.C. Code Ann. § 16-3-655(C)(1) (2006)); *see also* 2012 Act No. 255, § 1 (codified at S.C. Code Ann. § 16-3-655(D)(1) (2012)).

old version of the law" and the remaining charges would be dismissed. Plea counsel recommended that Petitioner accept the State's offer to avoid the harsher sentence under the 2012 amended statute. Plea counsel never informed Petitioner that under no circumstances could he be sentenced under the 2012 amended statute.

Petitioner maintains that plea counsel's deficient advice was not sufficiently cured during the guilty plea hearing. The plea judge initially referenced the sentencing range under the 2012 amended statute, as the following colloquy reveals:

> **The Court**: Okay. You're up here on this indictment. And it is 2013-674. It alleges that you did in Greenville County between July 1, 1998 and July 31 of 2000 commit a sexual battery on T.H., who was less than eleven years of age. CSC with a minor, first degree, twenty-five years to life.
>
> **[Plea Counsel]:** Judge, ---
>
> **The Court:** Do you understand that?
>
> **[Solicitor]:** *Your Honor, this was pre the law changes back in '98 and 2000. The sentence was zero to thirty years.*
>
> **The Court:** *Thirty years, okay.* Still considered a most serious offense.
>
> **[Solicitor]:** Yes, sir.
>
> **The Court:** If you get convictions for two or more most serious offenses you're eligible for life in prison without parole. It's a violent offense, which means you will basically do a minimum eighty-five percent of the sentence. You understand that?
>
> **[Petitioner]:** Yes, Your Honor.

**The Court:** All right. Understanding the nature of the charge against you and the maximum possible punishment, how do you want to plead?

**[Petitioner]:** Guilty, Your Honor.

(emphasis added). Pursuant to the plea deal, Petitioner pled guilty to one count of first-degree CSC with a minor. Petitioner was sentenced to twenty-five years imprisonment and the remaining charges were dismissed. No direct appeal was taken.

## II.

Petitioner filed a PCR application contending that his plea counsel provided ineffective assistance and, as a result, his guilty plea was involuntary. At the PCR hearing, Petitioner testified that he had told plea counsel "nothing occurred" and he "wanted to go to trial." Petitioner further testified that he ultimately entered the guilty plea, based upon plea counsel's recommendation, to avoid a sentence under the 2012 amended statute of twenty-five years to life. Petitioner stated that he was scared about the potential life sentence under the amended law and decided to plead guilty to avoid a life sentence. Petitioner was adamant that counsel never informed him of the inapplicability of the 2012 amended statute enhancing the sentencing range, and it is undisputed that Petitioner, due to counsel's erroneous advice, believed he could face a life sentence under the new law.

Plea counsel acknowledged that Petitioner maintained his innocence and wanted a trial. Specifically, plea counsel stated, "Yeah . . . pretty much the entire time he said this had not happened and that he wanted a trial." As part of counsel's admission that he erroneously informed Petitioner that he would be subject to the 2012 increased sentencing scheme, counsel further admitted that he *did not* review the sentencing ranges on each of the charges with Petitioner.[2] Specifically, plea

---

[2] The order of the PCR court contains findings that are flatly contradicted by the record. One troubling example is the finding of the PCR court that plea counsel reviewed the sentencing ranges of each charge with Petitioner; plea counsel's testimony is to the contrary, as he admitted he did not review the sentencing ranges

counsel testified that he recommended Petitioner accept the plea offer because the State had agreed to let Petitioner "plea and be sentenced under the old version of the law" and the State had "indicated that if we were to go to trial they were going to pursue the new version of the law."

The PCR court dismissed Petitioner's application, finding Petitioner failed to prove both prongs of the *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a defendant to prove ineffective assistance of counsel by showing counsel was deficient and such deficiency caused prejudice); *see also Sellner v. State*, 416 S.C. 606, 611, 787 S.E.2d 525, 527 (2016) (recognizing "[t]he two-part test also 'applies to challenges to guilty pleas based on ineffective assistance of counsel'" (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).  In particular, the PCR court order inexplicably stated, "While [Petitioner] may have felt unsettled when plea counsel advised he was facing a life sentence, *this was an accurate statement of the law*." (emphasis added).  This Court granted the petition for a writ of certiorari.

### III.

A PCR court's findings of fact will be upheld if there is any evidence of probative value in the record to support them.  *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016).  However, we review questions of law de novo.  *Id.*  Moreover, "this Court will reverse the decision of the PCR court when it is controlled by an error of law."  *Gonzales v. State*, 419 S.C. 2, 10, 795 S.E.2d 835, 839 (2017) (citing *Terry v. State*, 383 S.C. 361, 371, 680 S.E.2d 277, 282 (2009)).

"A defendant has the right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution."  *Terry*, 383 S.C. at 370, 680 S.E.2d at 282 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).  "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  "[T]he defendant can show prejudice by

_____

with Petitioner.  At the PCR hearing, the State inquired, "Did you review with [Petitioner] the sentence ranges on each of those charges?"  Plea counsel replied, "No, I didn't."

demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill*, 474 U.S. at 59).

Petitioner argues that plea counsel provided ineffective assistance of counsel because Petitioner based his decision to plead guilty on plea counsel's incorrect advice—that Petitioner should accept the guilty plea or he could be sentenced under the post-offense amended law with an increased sentencing range. Petitioner contends this ineffective assistance rendered his guilty plea involuntary. We agree. It is clear that Petitioner would not have pled guilty but for counsel's erroneous sentencing advice. Because the PCR court failed to recognize that plea counsel's advice was deficient—as an increased punishment under the amended law would have violated the ex post facto clauses of the United States Constitution and South Carolina Constitution—the PCR court's decision is controlled by an error of law and we reverse.

## A.

With regard to the deficiency prong, plea counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). His performance fell below reasonable professional norms as his advice that the State had the ability to prosecute Petitioner under the 2012 amended law was clearly incorrect.

It is well established that "[a] law which imposes additional punishment to that prescribed at the time the offense was committed is prohibited under the *ex post facto* clauses of the United States and South Carolina Constitutions." *State v. Dabney*, 301 S.C. 271, 273, 391 S.E.2d 563, 564 (1990). These clauses ensure "that individuals have fair warning of applicable laws." *Peugh v. United States*, 569 U.S. 530, 544 (2013). Thus, "[a]n ex post facto violation occurs when a change in the law retroactively . . . increases the punishment for a crime." *Jernigan v. State*, 340 S.C. 256, 261, 531 S.E.2d 507, 509 (2000); *see also Dorsey v. United States*, 567 U.S. 260, 275 (2012) (recognizing "the Constitution's *Ex Post Facto* Clause, Art. I, § 9, cl. 3, prohibits applying a new Act's higher penalties to pre-Act conduct").

Because the statutory revisions increased the punishment for the alleged prior crime, the State could not have sought to impose the enhanced sentencing scheme had Petitioner proceeded to trial instead of pleading guilty. The State could not "pursue the new version of the law" because it would violate the ex post facto clauses of the United States and South Carolina Constitutions. *See* U.S. Const. art. I, §§ 9, 10 (stating "[n]o Bill of Attainder or ex post facto Law shall be passed" and "[n]o state shall . . . pass any . . . ex post facto Law"); S.C. Const. art. I, § 4 (providing "[n]o . . . ex post facto law . . . shall be passed"). The PCR court erred in finding that plea counsel's advice was an accurate statement of the law. Plea counsel's failure to recognize that the ex post facto clauses prohibited the increased punishment for Petitioner's alleged offenses manifestly fell below objectively reasonable professional norms and constituted deficient performance. *See Goins v. State*, 397 S.C. 568, 574–75, 726 S.E.2d 1, 4 (2012) (finding plea counsel's incorrect advice regarding well-established law did "not reflect 'reasonable professional judgment'" and constituted deficient performance).

Although not directly conceding that plea counsel was deficient, the State acknowledges that Petitioner should have been sentenced under the prior law, regardless of the plea offer. Understandably, the State focuses most of its attention on the prejudice prong, claiming Petitioner was not prejudiced by counsel's representation. We turn to the prejudice analysis.

**B.**

"[W]hen a [petitioner] claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, [he] can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The record is clear that Petitioner placed particular emphasis on his potential sentencing exposure in deciding whether to plead guilty. Indeed, Petitioner maintained his innocence and testified at the PCR hearing that he pled guilty *only* because he wanted to avoid the risk of receiving a life sentence under the amended law. As noted, even counsel admitted that Petitioner maintained his innocence and wanted to go "to trial." Petitioner has demonstrated a reasonable probability that he would have rejected the plea offer and proceeded to trial but for plea counsel's

incorrect advice.  *See Hill*, 474 U.S. at 60 (explaining prejudice may be demonstrated by evidence that the accused "placed particular emphasis" on the specific incorrect advice by counsel in deciding to plead guilty).

### C.

Finally, the State posits that "any inaccurate advice from counsel was cured by the plea court's colloquy."  We acknowledge that, in some situations, a proper guilty plea colloquy may serve to cure the deficiency of plea counsel and remove any prejudice.  The plea colloquy here cannot rescue this guilty plea.

At issue here is whether Petitioner truly understood the sentencing range and maximum penalty he faced for the charge.  *See Pittman v. State*, 337 S.C. 597, 599, 524 S.E.2d 623, 624–25 (1999).  The plea colloquy consisted of the plea judge stating the *incorrect* sentencing range (relying on the inapplicable 2012 amended statute) and the solicitor correcting the range.  This portion of the colloquy was brief, and, more importantly, the plea court's vague retort—"Thirty years, okay"— did nothing to clarify the proper sentencing range.  If anything, the colloquy likely served to confirm plea counsel's advice that the State would pursue the increased sentence if the case proceeded to trial.  More to the point, it appeared as though the State was simply upholding its end of the plea bargain by allowing the plea to proceed under the older version of the statute, with a possible thirty-year sentence. For a plea hearing to cure deficient advice, the plea hearing must unambiguously address and resolve the incorrect advice—namely, that the Constitution forbade the State from proceeding to trial under the amended sentencing scheme.  *See United States v. Akinsade*, 686 F.3d 248, 255 (4th Cir. 2012) (recognizing, "in order for a district court's admonishment to be curative, it should address the particular issue underlying the affirmative misadvice").  That did not occur here.

### IV.

In summary, plea counsel was clearly deficient in failing to recognize and advise Petitioner that the ex post facto clauses of the United States Constitution and South Carolina Constitution prohibited an increased punishment under the post-offense amended sentencing scheme.  In addition, the undisputed evidence in the record is clear: Petitioner would have insisted on going to trial and not pled guilty but for counsel's deficient advice.  Thus, he has shown prejudice.  Moreover, because the plea colloquy did not specifically address plea counsel's incorrect advice, the plea

hearing was insufficient to cure the deficient representation.  We reverse the denial of PCR.

**REVERSED.**

**HEARN, FEW and JAMES, JJ., concur.  BEATTY, C.J., not participating.**