# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Marshall Heath Collins, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2014-002397

---

## ON WRIT OF CERTIORARI

---

Appeal From Pickens County
James R. Barber, III, Circuit Court Judge

---

Opinion No. 27767
Submitted May 15, 2017 – Filed February 28, 2018

---

## REVERSED

---

Attorney General Alan M. Wilson and Assistant Attorney
General Karen C. Ratigan, both of Columbia, for
Petitioner.

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Respondent.

---

**CHIEF JUSTICE BEATTY:** A jury convicted Marshall Collins of
trafficking methamphetamine (third offense), and possession of a weapon during the

commission of a violent crime.[1]  The trial judge sentenced Collins to an aggregate twenty-five years' imprisonment.  The Court of Appeals affirmed.  *State v. Collins*, Op. No. 2012-UP-356 (S.C. Ct. App. filed June 13, 2012).  Subsequently, Collins filed a timely application for Post-Conviction Relief ("PCR").  After a hearing, the PCR judge issued an order granting Collins a new trial.  This Court granted the State's petition for a writ of certiorari to review whether the PCR judge erred in finding trial counsel was ineffective in failing to request a continuance and failing to properly handle an expired plea offer.  We reverse.

## I.  Factual/Procedural History

On October 2, 2009, at approximately 1:30 a.m., Officer Joshua Blair, from the Pickens Police Department, stopped Collins for driving a vehicle with a faulty tag light.  According to Officer Blair, Collins claimed he did not have his license, but gave Officer Blair a false name and date of birth.  As Officer Blair was checking the information, Collins fled on foot with a backpack.  Officer Blair gave pursuit and eventually apprehended Collins.

When Officer Joseph Sapp arrived on the scene, he placed Collins in handcuffs without removing Collins' backpack.  A search of the backpack revealed a handgun, methamphetamine, and numerous individual packages of Alprazolam and Oxycodone.  Thereafter, Collins was charged with trafficking more than ten grams of methamphetamine, PWID Alprazolam, PWID Oxycodone, and possession of a weapon during the commission of a violent crime.

The trial proceedings began on December 1, 2010.  Prior to the start of trial, Collins' trial counsel informed the trial judge that the solicitor had just served Collins with a copy of the November 23, 2010, indictment for the weapons charge.  Counsel stated, "on a possession of a firearm during [the] commission of a violent crime, that indictment was just served on my client less than five minutes ago.  So he's never been arraigned on that."  Trial counsel admitted he received a copy of the indictment the week before trial, but maintained he was just the "mouthpiece" and that Collins' constitutional rights were at stake.

In response, the solicitor produced an email he sent to trial counsel on November 12, 2010, explaining that he would submit the indictment for the weapons

---

[1] The jury could not reach a unanimous verdict on indictments for possession with intent to distribute (PWID) Alprazolam and Oxycodone.

charge to the grand jury. The solicitor's email further stated, "[i]f the [g]rand [j]ury indicts, I will call the case, along with the pending drug charges at the 11/29/10 term. There is no additional discovery to be had as the information previously given over to you on the other cases contains the required information on the proposed weapons charge." According to the solicitor, he sent trial counsel a copy of the indictment returned by the grand jury on November 23, 2010, and had a signed receipt indicating counsel received the discovery materials. Additionally, the solicitor noted that the "purpose of the arraignment process . . . is to put the Defendant on notice." Further, the solicitor maintained he could have had Collins arrested, but noticed counsel instead.

Thereafter, the trial judge arraigned Collins on the offense of possession of a weapon during the commission of a violent crime. The judge asked trial counsel if he was ready to proceed on all charges, to which, trial counsel responded "[m]y focus in preparing for trial was not on this charge." The court then stood at recess so that trial counsel could speak with Collins about the weapons charge. After the break, the trial judge asked trial counsel, again, if he had spoken to Collins and was prepared to go forward on the weapons charge. Counsel responded, "[y]es, sir. And it was part of the discovery. It just [sic] - - I can try." Furthermore, counsel noted for the record that he objected to proceeding on the weapons charge because he did not think the "process" was proper.

Despite trial counsel's objection, the trial proceeded on all charges and the jury convicted Collins of trafficking more than ten grams of methamphetamine, and possession of a weapon during the commission of a violent crime. The trial judge sentenced Collins to an aggregate twenty-five years' imprisonment. The Court of Appeals affirmed. *State v. Collins*, Op. No. 2012-UP-356 (S.C. Ct. App. filed June 13, 2012). Subsequently, Collins filed a timely application for PCR.

At the PCR hearing, Collins alleged that trial counsel was ineffective because he failed to request a continuance and to properly handle an expired plea offer. In regards to the expired plea offer, Collins testified he was appointed Robert Newton, a public defender, in February of 2010. However, according to Collins, "Mr. Newton had relinquished his time with the public defender service[.]" Collins maintained he reapplied for counsel in August of 2010 and was appointed trial counsel. Collins met with trial counsel for the first time on October 19, 2010, and a second time in early November 2010. During the second meeting, counsel went over discovery and

showed Collins the expired plea offer, which was addressed to Newton.[2]  Collins asserted he had never seen the offer before his second meeting with trial counsel. When asked if he ever told trial counsel that he wanted to plead guilty, Collins claimed he told counsel he wanted more information before he decided. Additionally, Collins acknowledged trial counsel indicated he would attempt to negotiate the trafficking charge.

In response, trial counsel confirmed that he was Collins' second attorney. Upon receiving Collins' file, counsel made the usual discovery motions and reviewed the discovery materials with Collins.  Counsel admitted that he had received the plea offer, but explained the plea offer expired before he was appointed to represent Collins.  Trial counsel testified the second page of the letter proposed an aggregate sentence of fifteen years' imprisonment "at eighty-five percent" in exchange for pleas to "trafficking, third offense; possession of meth, third offense; and unlawful neglect of a child."  The letter stated that, if the offer was not accepted before June 21, 2010, any other offers would be withdrawn and the case would be placed on the trial calendar with no further negotiation.  Trial counsel "fe[lt] certain" he not only talked to Collins about the expired plea offer, but also followed up with the solicitor.  However, counsel could not recall the solicitor's response.

Next, Collins asserted trial counsel was ineffective in failing to request a continuance after Collins was served with the indictment for the weapons charge on the morning of trial.  Collins argued that, prior to being served, he had no knowledge he would be going to trial for the weapons charge.  When asked whether he ever instructed trial counsel to request a continuance, Collins maintained that counsel knew he "was not comfortable."  Further, Collins made clear that trial counsel did "stress[] on the record [his objection] to having to try [the weapons charge]."  Collins also acknowledged he went over all discovery with trial counsel and that he told counsel his version of what happened the night he was arrested.

---

[2] Only the first page of the letter was entered into evidence.  The letter lists charges for (1) "Drugs / Trafficking in ice, crack or crack - 10 g or more, but less than 28 g - 1st offense," (2) "Children / Legal custodian, unlawful neglect of child or helpless person," and (3) "Drugs /Possession of less than one gram of meth or cocaine base, 3rd or sub."  As part of the plea, the State agreed to dismiss charges under four different warrants for (1) forgery, (2) the manufacture or possession of Schedule IV drugs, except flunitrazepam, with the intent to distribute - 1st offense, (3) MDP narcotic drugs, LSD and cocaine, and (4) possession of other controlled substances in Schedule I to V - 2nd or subsequent offense.

In response, trial counsel confirmed that Collins was not served with the indictment for the weapons charge until the morning of trial. Counsel testified that he objected, but "in spite of or because of my objection, we moved forward on the charge." Although counsel admitted that he did not ask for a continuance, he noted that he "tried to keep it out." When asked if, in retrospect, he should have sought a continuance, counsel explained he did not think that he would have because, "although the firearm [charge] obviously carried a five-year penalty, it certainly was not the major problem we were facing." Counsel could not recall whether or not his discovery materials indicated a gun had been recovered. Nonetheless, trial counsel testified he and Collins reviewed the discovery materials, elements of the charges, and penalties. According to trial counsel, he had adequate time (two months) to prepare for trial, and noted, "it was not a complicated case."

Granting Collins' application, the PCR judge concluded trial counsel was ineffective for not requesting a continuance and Collins "[met] his burden of proving trial counsel did not properly handle the issue of the expired plea recommendation." The State appealed.

This Court granted the State's petition for a writ of certiorari to review whether the PCR judge erred in finding trial counsel was ineffective in failing to request a continuance and failing to properly handle an expired plea offer.

## II.     Standard of Review

"This Court gives great deference to the factual findings of the PCR court and will uphold them if there is any evidence of probative value to support them." *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016). "Questions of law are reviewed *de novo*, and we will reverse the PCR court's decision when it is controlled by an error of law." *Id.*

## III.     Discussion

### A.     New Indictment

#### 1. Arguments

The State asserts the PCR judge erred in finding trial counsel was ineffective when he failed to request a continuance after the indictment for the weapons charge

was served upon Collins the morning of trial. The State maintains there is no probative evidence to support the finding that trial counsel was deficient. Furthermore, the State argues Collins failed to demonstrate he was prejudiced by the lack of a continuance. Specifically, the State contends Collins failed to provide any evidence of what trial counsel could have investigated or prepared with additional time to consider the weapons charge. We agree.

## 2. Analysis

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668 (1984); *Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008). To overcome the presumption that counsel has rendered adequate assistance, the defendant must show: (1) counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### a. *Deficient Performance*

Without making a finding on credibility, the PCR judge held Collins demonstrated trial counsel was deficient in failing to request a continuance. The PCR judge noted that, while Collins faced a significant amount of time in prison, trial counsel only represented Collins for six weeks and only met with Collins twice prior to trial. Consequently, the PCR judge determined "[n]either trial counsel nor [Collins] had sufficient time to prepare a defense for the new charge." As a result, the PCR judge concluded Collins suffered prejudice from the lack of a continuance.

Initially, we emphasize that "[t]he brevity of time spent in consultation with a defendant alone is not indicative of inadequate trial preparation." *Harris v. State*, 377 S.C. 66, 75, 659 S.E.2d 140, 145 (2008). Here, counsel's performance was not deficient for several reasons. First, although counsel admitted he did not ask for a continuance, counsel did seek to keep the weapons charge out on the ground that Collins had not received proper notice. Second, trial counsel acknowledged he was aware of the solicitor's intentions to send the weapons charge to the grand jury as a direct presentment. Third, counsel believed he had enough time to consult with Collins and prepare for trial on the weapons charge adding, "it was not a complicated case." Finally, trial counsel maintained that, even in retrospect, he was unsure he

would have requested a continuance given the weapons charge was not the major problem.

Ultimately, had counsel prevailed on his argument for trial not to proceed on the weapons charge, the result would have been a continuance. In other words, counsel made an argument for a continuance without formally requesting one. Therefore, we find trial counsel's performance did not fall below an objective standard of reasonableness and, as a result, the record does not contain any evidence of probative value sufficient to support the PCR judge's findings. *Sellner*, 416 S.C. at 610, 787 S.E.2d at 527.

### b. *Prejudice*

However, even if counsel was deficient, we find Collins failed to prove he was prejudiced. According to the prejudice prong of the *Strickland* analysis, the PCR applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Id.*

As stated above, trial counsel testified he had adequate time to prepare for Collins' trial. More importantly, at the PCR hearing, neither Collins nor trial counsel suggested how additional preparation on Collins' behalf would have resulted in a different outcome. Collins presented no witnesses or any specific testimony establishing what, if any, evidence would have aided his defense if he had additional time to prepare for trial. *See Jackson v. State*, 329 S.C. 345, 353–54, 495 S.E.2d 768, 772 (1998) (holding that where PCR applicant failed to present any evidence of what counsel could have discovered or what other defenses he would have requested counsel pursue had counsel more fully prepared for the trial, applicant failed to show his counsel's lack of preparation prejudiced him); *Skeen v. State*, 325 S.C. 210, 214–15, 481 S.E.2d 129, 132 (1997) (finding applicant was not entitled to PCR where there was no evidence presented at the PCR hearing to show how additional preparation would have had any possible effect on the result of the trial). Thus, not only was counsel on notice of the charge, but also, had the trial judge sustained his objection, the result would have been the same as a continuance—a delay in the trial proceedings. [3]

---

[3] We note that had counsel requested a continuance formally, the trial judge's ruling likely would have remained the same due to the charge stemming from the same set

Based on the foregoing, we hold trial counsel's failure to request a continuance did not constitute deficient performance.  Further, even if trial counsel was deficient, we find Collins failed to demonstrate any resulting prejudice.  Because there is no evidence in the record to support a finding that counsel was ineffective, we reverse the PCR judge's decision on this issue.

## B.    Expired Plea Offer

### 1.  Arguments

Next, the State contends the PCR judge erred in finding trial counsel was ineffective in his handling of the expired plea offer.  The State maintains Collins failed to demonstrate trial counsel was deficient where the State made a plea offer while Collins was represented by his first attorney, and that plea offer expired three months before trial counsel was appointed to represent Collins.  Furthermore, the State argues that, because plea bargaining is not a constitutional right, trial counsel was not under any obligation to have asked for reinstatement of the expired plea offer.

Even if trial counsel was deficient, the State contends Collins failed to prove he suffered any prejudice.  The State maintains that, because Collins failed to demonstrate that he would have accepted the expired offer and that the State would not have rescinded it, Collins has failed to prove prejudice.  We agree.

### 2.  Analysis

The United States Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 133, 145 (2012).  Generally, where defense counsel does not communicate such an offer

---

of facts.  After Collins' arraignment on the weapons charge, trial counsel, to no avail, moved to suppress the gun and the drugs which were all recovered from Collins' backpack.  Collins testified at the PCR hearing that he did not have any issue with the suppression hearing.  Further, counsel acknowledged that a suppression hearing was held, but that he could not think of anything he could have argued differently.  Consequently, the PCR judge found Collins "failed to meet his burden of proving trial counsel did not properly argue his motion to suppress."

to the defendant, counsel has rendered ineffective assistance. *Id.*

### a. *Deficient Performance*

In granting Collins relief on this ground, the PCR judge found Collins "[met] his burden of proving trial counsel did not properly handle the issue of the expired plea recommendation." Specifically, the PCR judge noted that, although the plea offer expired before trial counsel represented Collins, "[Collins] said he was unsure about many of the charges contained in the offer and that he 'wanted more information' before he could have made an intelligent decision as to whether he should have accepted the offer." As a result, the PCR judge concluded Collins was prejudiced by trial counsel's representation.

As a threshold matter, Collins does not cite any authority that imposes a duty on trial counsel to revive an expired plea offer. Further, the decision whether to revive the expired plea offer rested exclusively with the solicitor. *See State v. Langford*, 400 S.C. 421, 436 n.6, 735 S.E.2d 471, 479 n.6 (2012) (stating "[u]ndoubtedly, the solicitor has discretion in choosing how to proceed with a case, including whether to prosecute in the first place and whether he brings it to trial or offers a plea bargain"); *see also Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (finding "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial").

Here, Collins admitted that he first learned of the expired plea offer after trial counsel brought the offer to his attention. At that point, in regards to a plea offer that has expired, trial counsel did all that he could. Even assuming trial counsel neglected to discuss the expired offer with the solicitor, the solicitor would have been under no obligation whatsoever to revive the expired offer. Thus, there is no evidence of probative value sufficient to support the PCR judge's finding that trial counsel was deficient in his handling of the expired plea offer.[4]

### b. *Prejudice*

As previously mentioned, even if counsel was deficient, we find Collins failed to prove he was prejudiced. To show prejudice under *Strickland*, a defendant must demonstrate a reasonable probability that: (1) he "would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel;" (2) "the plea would

---

[4] Frankly, we believe Collins' issue lies with his first attorney.

have been entered without the prosecution canceling it or the trial court refusing to accept it;" and (3) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147; *see Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (stating "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed").

Here, Collins proceeded to trial rather than plead guilty. At the PCR hearing, Collins testified only that after he became aware of the expired plea offer, he told trial counsel he wanted more information about the offer. Consequently, the record is void of any testimony that Collins expressed a desire to accept the expired offer. More importantly, even if Collins wanted to plead guilty, there is no evidence or testimony from the solicitor that the expired offer was still available before trial, nor is there any evidence or testimony that a new offer existed for Collins to accept. Thus, Collins failed to demonstrate a reasonable probability that he would have accepted any offer, new or expired. *See Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) (holding the PCR applicant bears the burden of proving the allegations in their application). Therefore, we conclude the record does not support the PCR judge's finding that Collins suffered any prejudice from trial counsel's handling of the expired plea offer.

## IV. Conclusion

Based on the foregoing, we find trial counsel was not deficient for failing to request a continuance, or in his handling of the expired plea offer. Additionally, we find Collins has failed to establish prejudice resulting from either alleged deficiency. Accordingly, we reverse the PCR judge's decision.

**REVERSED.**

**KITTREDGE, HEARN and JAMES, JJ., concur. FEW, J., concurring in a separate opinion.**

**JUSTICE FEW:** I concur in the majority opinion. I write separately to address the performance of Collins' first counsel. *See supra* note 4. Collins' PCR counsel did not mention first counsel's performance, and the PCR court did not make findings of fact as to first counsel. Thus, we cannot tell whether first counsel informed Collins of the plea offer in time for Collins to accept it before the offer expired. If first counsel did not inform Collins, however, he was clearly deficient. In any event, Collins could not prove prejudice arising from first counsel's performance because—as explained by the majority as to trial counsel—Collins failed to demonstrate he would have accepted the plea offer.