**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Henry Nesbit, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000381

---

Appeal From Charleston County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-086
Submitted November 1, 2022 – Filed March 15, 2023

---

**AFFIRMED**

---

Jeffrey Wayne Buncher, Jr., of Uricchio Howe Krell Jacobson Toporek Theos & Keith, PA, and Jerry Nicholas Theos, of Theos Law Firm, LLC, both of Charleston, for Petitioner.

Assistant Attorney General Joshua Abraham Edwards, of Columbia, for Respondent.

---

**PER CURIAM:** This Court granted certiorari to review the post-conviction relief (PCR) court's finding that Petitioner failed to prove his trial counsel was

ineffective for not requesting a jury instruction on the lesser-included offense of simple possession of cocaine.  We affirm.

We find that probative evidence supports the PCR court's finding that trial counsel was not deficient for failing to request a jury instruction on the lesser-included offense of simple possession of cocaine.  *See Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court "will uphold [the factual findings of the PCR court] if there is any evidence of probative value to support them"); *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (providing that deficiency is the first prong of an ineffective assistance of counsel claim); *id.* at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").  There was no evidence presented at trial from which the jury could have concluded that Petitioner possessed less than one gram of cocaine.  Thus, Petitioner was not entitled to a jury instruction on simple possession, and trial counsel was not deficient for failing to request such an instruction.  *See State v. Sams*, 410 S.C. 303, 308, 764 S.E.2d 511, 513 (2014) ("The law to be charged to the jury is determined by the evidence presented at trial."); *id.* ("The trial court is required to charge a jury on a lesser-included offense if there is evidence from which it could be inferred that the defendant committed the lesser, rather than the greater, offense."); S.C. Code Ann. § 44-53-370(d)(3) (2018) (providing that a person possessing one gram or less of cocaine is guilty of simple possession of cocaine).

**AFFIRMED.**[1]

**GEATHERS and MCDONALD, JJ., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.