**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Edward Maurice Dunn, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001994

Appeal From Richland County
D. Craig Brown, Circuit Court Judge

Unpublished Opinion No. 2023-UP-150
Submitted February 1, 2023 – Filed April 12, 2023

**AFFIRMED**

Appellate Defender Joanna Katherine Delany, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia, for Respondent.

**PER CURIAM:** This court granted certiorari to review the post-conviction relief (PCR) court's finding that Petitioner Edward Maurice Dunn, Jr. failed to prove his trial counsel was ineffective for failing to challenge the legality of the Richland County Sheriff's Office DNA database. We affirm pursuant to Rule 220(b),

SCACR, and the following authorities: *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court "will uphold [the factual findings of the PCR court] if there is any evidence of probative value to support them"); *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (stating that to prove prejudice, a PCR applicant "must show that there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different"); *State v. Adams*, 409 S.C. 641, 647, 763 S.E.2d 341, 345 (2014) ("The exclusionary rule 'is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.'" (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974))); *State v. McCord*, 349 S.C. 477, 485, 562 S.E.2d 689, 693 (Ct. App. 2002) (finding the defendant's expectation of privacy in his DNA, which was submitted to federal authorities in an unrelated case, "was extinguished when he voluntarily gave the blood sample to federal authorities without any limitation on the scope of his consent"); *State v. Cardwell*, 425 S.C. 595, 601, 824 S.E.2d 451, 454 (2019) ("[T]he inevitable discovery doctrine provides that illegally obtained information may nevertheless be admissible if the prosecution can establish by a preponderance of the evidence that the information would have ultimately been discovered by lawful means." (citing *Nix v. Williams*, 467 U.S. 431, 444 (1984))); S.C. Code Ann. § 23-3-620(A) (Supp. 2022) (requiring a person adjudicated delinquent of an offense carrying a maximum sentence exceeding ten years' imprisonment to submit a sample of their DNA to SLED); S.C. Code Ann. § 23-3-650(A) (Supp. 2022) (requiring SLED provide DNA samples and the information derived therefrom to "federal, state, and local law enforcement agencies and to approved crime laboratories which serve those agencies").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.