**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Supreme Court**

Jonathan Matthew Holder, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2021-000057

Appeal from Pickens County
Edward W. Miller, Circuit Court Judge

Memorandum Opinion No. 2023-MO-011
Submitted May 15, 2023 – Filed June 14, 2023

**REVERSED**

Appellate Defender Joanna Katherine Delany, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Melody Jane Brown,
both of Columbia, for Respondent.

**PER CURIAM:**  We granted a writ of certiorari to review the circuit court's denial of Petitioner's application for post-conviction relief (PCR).[1]  We reverse.

Petitioner was convicted of second-degree criminal sexual conduct with a minor and third-degree criminal sexual conduct with a minor, and the trial court sentenced him to ten years in prison.  At trial, the assistant solicitor, with no foundation, sought to introduce improper character evidence against Petitioner.  Petitioner's trial counsel objected and moved for a mistrial.  The trial court sustained the objection but denied the motion for a mistrial, instead instructing the jury to disregard the assistant solicitor's line of questioning.  Petitioner's trial counsel failed to object to the trial court's curative instruction or renew the mistrial motion.  As a result, the issue was not preserved for appellate review.  Petitioner appealed on the basis that the trial court had erred in denying his motion for a mistrial, and the court of appeals affirmed his convictions, finding the mistrial issue was not preserved for review.  *State v. Holder*, Op. No. 2017-UP-239 (S.C. Ct. App. filed June 7, 2017) (per curiam).

Petitioner then sought PCR, asserting trial counsel was ineffective in failing to challenge the sufficiency of the trial court's curative instruction or preserve for appellate review the denial of his motion for a mistrial.  The PCR court concluded Petitioner had failed to establish either prong of the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  We find the PCR court's conclusion erroneous.  *See Smalls v. State*, 422 S.C. 174, 180–81, 810 S.E.2d 836, 839 (2018) ("We defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them.  We review questions of law de novo, with no deference to trial courts." (citing *Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016))).

The State concedes Petitioner has established trial counsel's performance—his failure to preserve the issue for appellate review—was deficient under the first prong of *Strickland*.  It is clear from the record that trial counsel did not object to the sufficiency of the curative charge or renew the mistrial motion.  *See State v. George*, 323 S.C. 496, 510, 476 S.E.2d 903, 911–12 (1996) ("If the trial [court] sustains a timely objection to testimony and gives the jury a curative instruction to disregard the testimony, the error is deemed to be cured.  No issue is preserved for appellate review if the objecting party accepts the [court's] ruling and does not contemporaneously make an additional objection to the sufficiency of the curative charge or move for a mistrial." (citations omitted)).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

As to *Strickland*'s prejudice prong, we find the conduct of the assistant solicitor, notwithstanding the trial court's curative instruction, substantially undermined confidence in the outcome of Petitioner's trial.  *See Strickland*, 466 U.S. at 694 ("[To prove prejudice, t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.").  Accordingly, we conclude Petitioner is entitled to PCR.  The PCR court's decision denying relief is hereby

**REVERSED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES and HILL, JJ., concur.**