**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joey Lynn Clark, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001627

Appeal From Cherokee County
Grace Gilchrist Knie, Circuit Court Judge

Unpublished Opinion No. 2023-UP-353
Submitted December 5, 2022 – Filed November 1, 2023

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General Megan Harrigan
Jameson, and Assistant Attorney General Johnny Ellis
James, all of Columbia, for Respondent.

**PER CURIAM:** This Court granted certiorari to review the post-conviction relief (PCR) court's finding that Petitioner failed to prove his trial counsel was

ineffective for "opening the door" to the admission of statements of five jailhouse informants who did not testify at trial. We affirm.

Joey Clark was charged with the murder of Winter Wingard. During the trial, counsel cross-examined Detective Richard Burgess regarding Clark's statements to these various informants, focusing on the inconsistencies among the statements and the fact that Detective Burgess failed to investigate whether the initial jailhouse informant was in any way credible. Counsel also elicited an admission from Detective Burgess that another purported jailhouse informant gave a statement wildly inconsistent with the physical evidence collected by the State. The State ultimately introduced these written statements into evidence, but did not call any of the informants to testify. During the PCR hearing, counsel testified he opened the door to the comments because he believed it was beneficial to the defense to point out the informants' statements were all inconsistent with each other. He also asserted he specifically chose to discuss these statements during Detective Burgess's testimony because he believed the detective was a weak witness and he hoped to deter the State from calling the informants to testify.

We hold the PCR court did not err by finding Clark failed to prove he was prejudiced by trial counsel's alleged error. *See Sellner v. State*, 416 S.C. 606, 610, 787 S.E.2d 525, 527 (2016) (holding a reviewing court "will uphold [the factual findings of the PCR court] if there is any evidence of probative value to support them"); *Strickland*, 466 U.S. at 694 (stating that to prove prejudice, a PCR applicant "must show that there is a reasonable probability that, but for [trial] counsel's unprofessional errors, the result of the proceeding would have been different"). The State presented extensive evidence of Clark's guilt, including DNA evidence recovered from Victim's body and fibers collected from the crime scene. Thus, evidence supports the PCR court's finding that Clark failed to demonstrate a reasonable probability that the results of his trial would have been different had trial counsel chosen not to open the door to the admission of the conflicting statements by cross-examining Detective Burgess about the statements' inconsistencies and the detective's failure to investigate the jailhouse witnesses' many credibility problems.

**AFFIRMED.**[1]

**GEATHERS and MCDONALD, JJ., and HILL, AJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.