**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Harold Jones, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000396

---

Appeal From Charleston County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-362
Submitted October 1, 2023 – Filed November 8, 2023

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Petitioner.

Assistant Attorney General Danielle Dixon, of Columbia, for Respondent.

---

**PER CURIAM:** This Court granted certiorari to review the post-conviction relief (PCR) court's finding that Petitioner Harold Jones failed to prove plea counsel was ineffective for failing to advise him of a plea offer. We affirm.

Petitioner was charged with murder and possession of a weapon during the commission of a violent crime. Plea counsel negotiated a plea offer with the State in which Petitioner would plead guilty as indicted to the weapon charge and to the lesser-included offense of voluntary manslaughter in exchange for a negotiated sentence of twenty-two and a half years' imprisonment. However, immediately before the scheduled plea hearing, Petitioner's family members informed counsel that they believed he was incompetent and unable to knowingly and voluntarily plead guilty. As a result, counsel informed the State that Petitioner could not plead guilty until the latter's competency was officially determined. The State withdrew the twenty-two-and-a-half-year offer at that time.

The following Tuesday, the State communicated a twenty-three-year plea offer to counsel, but conditioned the offer on Petitioner pleading within a week and providing it documentation certifying his competency before the plea. Counsel informed the State the earliest competency evaluation he was able to obtain was scheduled for several weeks after the expiration of the offer. Based upon this information, the State withdrew the offer and counsel did not inform Petitioner of it. Months later and after Petitioner was deemed competent, he pled guilty in exchange for a negotiated sentence of thirty-five years' imprisonment.

We find probative evidence supports the PCR court's finding that Petitioner was not prejudiced by counsel's failure to communicate the twenty-three-year offer. *See Collins v. State*, 422 S.C. 250, 262, 810 S.E.2d 871, 877 (2018) (explaining that a PCR applicant alleging counsel was ineffective in handling a plea offer must prove prejudice by "demonstrat[ing] a reasonable probability that: (1) he 'would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel;' (2) 'the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it;' and (3) 'the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time'" (quoting *Missouri v. Frye*, 566 U.S. 134, 147 (2012))). Undisputed evidence showed the twenty-three-year plea offer was conditioned on Petitioner pleading and providing documentation proving he was competent within a week of the offer. Petitioner could not have pled during that week-long period because the earliest competency evaluation plea counsel could procure for him was scheduled for several weeks after the plea offer expired. Further, even if the parties agreed to allow Petitioner to plead guilty at the time, the plea court would not have accepted the guilty plea without a competency evaluation establishing Petitioner was competent. *See id.*; *see also Garren v. State*, 423 S.C. 1, 14, 813 S.E.2d 704, 711 (2018) ("Before a defendant may plead guilty,

it must be established that the defendant is competent and that the defendant's decision to plead guilty is a knowing and voluntary one.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.